HAWTHORNE, Justice.
Plaintiff, Jack Onorato, alleging himself to be the owner of premises No. 1210 North Tonti Street in the City of New Orleans in square hounded by North Tonti, Governor Nicholls, Barracks, and North Miro Streets, instituted this suit against the defendant, Louis J. Rossignol, seeking an injunction prohibiting and restraining the defendant, his agents or employees from constructing or operating a dry cleaning and pressing establishment at No. 1208 North Tonti Street, which is located in the same square and adjacent to the property of the plaintiff.
The properties of both plaintiff and defendant are located in a B Residential District, as classified by the City Planning and Zoning Commission in Ordinance No. 11,-302 C.C.S., in which a commercial establishment such as a dry cleaning business is prohibited. Plaintiff alleges that defendant’s property has not been used for non-conforming commercial purposes for a period of two years and has lost its identity as such, and, further, that the defendant in operating the business is creating a nuisance and a hazard to plaintiff’s property. Defendant in his answer alleges that he has been operating such cleaning and pressing establishment in the property adjacent to plaintiff’s for the past 16 years, and denies all the allegations of plaintiff’s petition.
After trial on the merits, there was judgment permanently prohibiting and restraining defendant from constructing, operating, or attempting to construct and operate a cleaning and pressing establishment at 1208 North Tonti Street in the City of New Orleans. This judgment also preserved the right of defendant to apply to the Board of Adjustment for variation or modification of the regulations or provisions of the zoning ordinances because of practical difficulties or unnecessary hardship suffered by the defendant. Defendant has appealed.
The record discloses that prior to September, 1943, defendant was conducting a cleaning and pressing business in the building situated in the square described herein-above ; that during this month he moved all of his equipment to La Garde Hospital, where he conducted a cleaning and pressing business under government contract until the latter part of 1945 ; that on or about December 8, 1945, he started repairs at his former place of business on North Tonti Street, which he testified amounted to about $3500.00, and the repairs were completed in the early part of January, 1946; that, after installation of equipment valued at approximately $15,000.00, he resumed his cleaning and pressing business at this place on or about January 10, 1946.
During the month of May, 1945, while defendant was still operating at La Garde, he entered into an agreement with one Louis A. Eichhorn, under which Eichhorn occupied the premises on North Tonti Street as a residence or home from June 15, 1945, until November 30 of that year.
*761 Defendant concedes and admits that he did not actually conduct a cleaning and pressing establishment at the location in question from the time he moved to La Garde Hospital in the latter part of 1943 until his return in the early part of 1946. He contends, however, that the property did not lose its identity as non-conforming commercial property because it was used continuously during this entire period as a receiving station.
Section 10(c) of the zoning ordinance provides:
“Vacant Buildings of Vacant Parts of Buildings: No building or part thereof, used in whole or in- part for non-conforming commercial or industrial purposes and located in a Residence or Apartment District, * * * according to the provisions of this ordinance, which hereafter becomes and remains vacant for a continuous period of six (6) calendar months shall again be used except in conformity with the regulations of the district in which such building is situated; provided, too, that this regulation shall apply to vacant buildings, or portions thereof, last used in whole or in part for non-conforming commercial or industrial purposes and situated in a Residence or Apartment District at the time of the passage of this ordinance * *
Section 1 of the ordinance defines the word “vacant” as used in the ordinance as follows: “For the purpose of this Ordinance the word ‘vacant’ shall be construed to mean that the building or land has not been occupied or used in whole or in part,, bonafide, by any non-conforming commercial or industrial use for a period of six (6) calendar months. * * * ”
The question for our consideration-is whether defendant permitted the premises to remain unused for non-conforming; commercial or industrial purposes for a period in excess of six months, and this question is one of fact only. The testimony adduced by plaintiff and by defendant on this-point is in conflict, and a decision necessitates a consideration of the veracity and integrity of the various witnesses. The trial' judge, who heard and saw the witnesses testify, concluded that the plaintiff had made-out his case by a preponderance of the evidence, and granted the plaintiff the relief sought. Our analysis of the record convinces us that he was correct in this conclusion, and the record establishes to our satisfaction that for a period in excess of six months the premises were not used as a cleaning and pressing establishment; and the defendant cannot now operate his business there without violating the zoning ordinance of the City of New Orleans.
Defendant-appellant contends that the judgment erroneously describes the premises as being 1208 North Tonti Street and should be set aside as being at variance with the facts and the pleadings in the case, and, in the alternative, he prays that the case be remanded for further hearing to clear up this inaccuracy in the record and the judgment. The record discloses that *763 the property in which the defendant carried on his dry cleaning business for many years served also as his residence; that he lived in one part and conducted his business in the other part. In brief counsel inform us that the premises 1208 North Tonti Street were the residence and the premises 1206 North Tonti Street the pressing establishment. The defendant testified on the trial of the case that he had moved his residence from North Tonti and had never moved back, but had taken over the whole building and made a larger shop out of it. It was never even intimated that the defendant operated more than one business establishment in this square, and under these circumstances it is immaterial whether the premises are designated in the judgment as 1206 or 1208 North Tonti, because the judgment sufficiently informs the defendant of the act enjoined. Certainly this technicality is not cause for remanding the case.
For the reasons assigned, the judgment appealed from is affirmed; defendant-appellant to pay all costs.