SAMUEL, Judge.
Mercier Realty & Investment Co., the owner of 527-29 Burgundy Street (Lot E, Sq. 99, Second District, City of New Orleans) desired to renovate the existing structure and add a slave quarter type building on the rear of the lot. The property is located in the Vieux Carre and is zoned H-2 Vieux Carre Commercial. In conformity with the requirements of Art. XVIII, Section 2 of the Comprehensive Zoning Law of the City of New Orleans of 1953, as amended (hereinafter referred to as the Zoning Ordinance), Mercier first sought and obtained approval of the renovation and construction by the Vieux Carre Commission and then applied to the Director, Safety and Permits, for a building permit. The Director denied the application because the new construction would result in: (1) the property having less than the required square feet per dwelling unit; and (2) two main buildings on one lot contrary to Article V, § 1 (2) of the Zoning Ordinance. Mercier appealed the Director’s decision to the Board of Zoning Adjustments and in due course the Board granted a variance permitting construction of the additional building.
Miss Inez Phillips, the owner of adjoining property, then instituted this suit by applying for a writ of statutory certiorari under LSA-R.S. 33:4727 to have the decision of the Board reviewed by the Civil District Court for the Parish of Orleans. The sole basis of her suit, and the sole issue before us since no complaint is or has been made as to any other matter, is that the grant of a variance to construct a second main building on a lot of record was unwarranted because it is contrary to the prohibition contained in Article V, § 1 (2) of the Zoning Ordinance. Mercier intervened opposing reversal of the Board action.
After trial there was judgment annulling, reversing and setting aside the Board’s action and denying Mercier’s application for a variance permitting the proposed construction. Mercier has appealed therefrom. In this court Vieux Carre Property Owners & Associates, Inc. has filed a brief as amicus curiae seeking affirmation of the judgment.
The facts are not in dispute. The lot in question measures 30' front by 127' 10" in depth. The existing structure is a cottage-type brick building in need of extensive repairs and presently rented as a double. Mercier’s proposal is to renovate the exist *918 ing structure, converting it into á one-family home, and erect a two-story slave quarter type building to house four apartment units on the rear of the lot, where no such building presently exists or is shown to have existed, at a total cost of approximately $60,000, about $25,000 of which would be used in renovating the cottage. From an economic standpoint the latter amount cannot be spent in renovation without the additional revenue which will be obtained from the apartments to be provided by the new building. The proposed new construction is traditional and typical in the Vieux Carre, where possibly as many as 85% of the lots of record contain more than one main building; the lots on both sides of the subject property each contain two main structures; and the contemplated renovation and construction would improve and upgrade the neighborhood. The record also reveals that during the period from 1957 through 1965 the Board granted ten and denied two applications for a variance to permit construction of a second main building on one lot of record in the Vieux Carre.
After an open hearing at which opposition to the granting of the variance was heard, and after the members of the Board had visited and examined the property and the neighborhood, the Board found that “slave quarter buildings of the type herein proposed are traditional in the Vieux Carre and the two properties which adjoin the premises involved in this application are so developed, each having two main structures on the lots;” and that “the proposed work as a whole will be in keeping'with the intent and purpose of the Zoning Ordinance, and will in no manner adversely affect the surrounding property values, but on the contrary, should enhance same; denial would impose unnecessary hardship upon these' owners;”. For these' reasons the Board unanimously granted the variance. to' construct the slave quarter building..
. We.note that Mercier-made only the one; application for a building permit. No permit was-sought'to construct the additional'' apartments 'in a manner which would 'not violate the prohibition against two main buildings on one lot, although appellant’s architect testified such nonviolative construction, which might or might not be approved by the Vieux Carre Commission, was possible. It was the architect’s opinion that the proposed slave quarter building, a structure traditionally not connected with the principal building, was more in keeping, with the architecture of the Vieux Carre.
Mercier contends: (1) In view of the prima facie presumption of validity which attaches to the administrative act of the Board, the court erred in failing to place the burden of proof on the party attacking that act; and (2) because property owners in the Vieux Carre are required to conform to two separate and sometimes conflicting standards of construction not required in other sections of the city, and because of the overwhelming presence of nonconforming uses in the area, there is hardship sufficient to merit the variance granted to Mercier by the Board.
We are in agreement with the-first contention to the extent that there is a prima facie presumption of validity which attaches, to the acts of a duly constituted administrative board, such as the Board of Zoning Adjustments in the instant case, and accordingly, on appeal, or on writ as here, from such an act the burden is on the appellant or relator to affirmatively show the board abused its discretion or its decision was in excess of its jurisdiction or otherwise erroneous as a matter of law. 101 C.J.S. Zoning § 363; 58 Am.Jur., Zoning, § 256; Annot. 168 A.L.R., Zoning 13, 146; 2 Am.Jur.2d, Administrative Law, § 748; see Interstate Oil Pipe Line v. Guilbeau, 217 La. 160, 46 So.2d 113.
■ However, in the instant case the point is' academic at this timé. As we understand it, the question' presented for' our, determination is whether, as shown by the entire■ *919 record before u's, the hardship compláinéd of, and upon which the Board based its decision, was insufficient to merit the granting of a variance permitting Mercier to erect a second building on its lot. If the record shows such hardship was insufficient to merit the granting of the variance, the Board’s decision must be set aside; if the record fails to show such insufficiency, the Board’s decision must be upheld.
Pertinent to that question are the following Zoning Ordinance provisions:'
“Every building hereafter erected, reconstructed, converted, moved, or structurally altered shall be located on a lot of record and in no case shall there be more than •one (1) main building on one (1) lot unless otherwise provided for in this Ordinance.” Art. V § 1 (2).
“Authorize upon appeal, whenever .a property owner can show that a strict application of the terms of this Ordinance relating to the use, construction, or alteration of buildings or structures or the use of land will impose upon him unusual ■and practical difficulties or particular hardship, such variances of the strict application of the terms of this Ordinance -as are in harmony with its general purpose and intent, but only when the Board is satisfied that a granting of such variance will not merely serve as a convenience to the applicant, but will alleviate some demonstrable and unusual hardship or difficulty so great as to warrant a deviation from the comprehensive plan as established by this Ordinance, and at the same time, the surrounding property will be properly protected.” Art. 27 § 4 (3.b.) (Emphasis ours).
Each zoning case must be decided on the facts peculiar to it, no general rule can be formulated as to what constitutes hardship, or as expressed in the statute here un*der consideration, “unusual and practical difficulties or paftidtílár'hardship”," suffi-' cient to authorize the grant of a variance,' no single factor determines what constitutes such hardship, and all relevant factors must be considered. 101 C.J.S. Zoning § 290; 58 Am.Jur. Zoning § 203; 1 Metzenbaum, Law of Zoning, p. 790, Ch. IX-f-2 (2nd Ed.); 2 Rathkopf, The Law of Zoning and Planning, § 6, 65-217.
According to its own architect, Mer-cier could have accomplished its purpose by construction which did not violate the prohibition against two' main buildings on one lot. Therefore, in the absence of a showing that approval of such nonviolative construction could not have been obtained from the Vieux Carre Commission, we cannot hold appellant suffered financial loss in being denied an opportunity to obtain an increased return from its property. Even if financial loss had been shown, such loss is only a factor to be considered in determining hardship and will not, standing alone, constitute a hardship sufficient to justify a variance. 101 C.J.S. Zoning § 293; 58 Am.Jur., Zoning § 189; 2 Rathkopf, op cit supra, § 45-8, 13-14; 1 Metzenbaum, op cit supra; Annot. 168 A.L.R., Zoning 13, 30; 2 Yokley, Zoning Law and Practice, § 15-12.
It is true, as Mercier argues, that property owners in the Vieux Carre are required to conform to two separate and sometimes conflicting standards of construction not required in other sections of the city. LSA-Const. Art. 14 § 22A authorizes the creation and organization of the Vieux Carre Commission which has for its purpose the preservation of such buildings in the Vieux Carre section of the City of New Orleans as, in the opinion of the Commission, shall be deemed to have architectural and historical value. The City of New Orleans created and organized such a commission under this authority (Ordinance No. 14,538 C.C.S.; see City of New Orleans v. Perga *920 ment, 198 La. 852, 859, 5 So.2d 129, 130). And the Zoning Ordinance, which contains regulations pertaining only to the Vieux Carre and zones that area into three districts, H-l Vieux Carre Residential, H-2 Vieux Carre Commercial and H-3 Vieux Carre Industrial, requires the issuance of a special permit by the Vieux Carre Commission in certain cases in each District, whereas, under the same circumstances, no such special permit is required in other parts of the city. It is also true that in other parts of the city zoned H-2 Commercial appellant could remove the existing structure and erect an apartment building on its lot, an action it cannot take in this instance because the lot is located in the Vieux Carre.
But under the specific quoted provisions of the Zoning Ordinance the Board has authority to grant a variance only when there is “unusual” or “particular” hardship imposed on the property owner seeking the same. And here the hardship referred to, the requirement of conformity to two separate and sometimes conflicting standards of construction, is neither “unusual” nor “particular” to Mercier. It is common to all property owners in the zoning district in which Mercier’s lot is located and therefore is not a hardship which justifies the granting of a variance. To hold otherwise would have the effect of destroying the zoning district. 101 C.J.S. Zoning § 291; 58 Am.Jur., § 203, 204; 2 Rathkopf, op cit supra § 45-3.
We are also of the opinion that the Board did not have authority to grant the variance because: (1) an estimated 85% of the lots in the Vieux Carre do have slave quarter buildings which, with the principal structure, constitute two or more main buildings on a single lot; and (2) the lots on both sides of the subject property each contain two main structures.
 Clearly, the Board does not have authority to amend or change the Zoning Ordinance by granting a variance or in any other manner. See State ex rel. Harris v. Zoning Board of Appeal and Adjustments, 221 La. 941, 60 So.2d 880; Onorato v. Rossignol, 217 La. 751, 47 So.2d 489; State ex rel. Harz v. City of New Orleans, 216 La. 849, 44 So.2d 889. And the fact that the Board may have granted similar relief in other cases, none of which appear to have been subjected to judicial review, cannot change this. The Board cannot, by its own unauthorized acts, acquire authority it does not possess.
Most of the nonconforming buildings in the Vieux Carre are of ancient vintage and antedate the Zoning Ordinance by many years. Obviously, the framers of the present 1953 Ordinance and the City Council were aware of this fact, and of the additional fact that some lots without nonconforming buildings adjoined lots containing such buildings, at the time the ordinance was drafted and adopted. As has already been pointed out, they were careful' to insure protection of the French Quarter. Yet they put into the Ordinance the above quoted Article V, § 1 (2), which prohibited more than one main building on one lot and made no exception applicable to the Vieux Carre. Under these circumstances the Board’s action in permitting construction of the proposed new building because of alleged hardship resulting only from the preponderance of nonconforming buildings and the presence of such buildings on lots adjoining Mercier’s property, matters necessarily considered by the framers and adopters of the Ordinance prior to and at the time of its adoption, has the effect of deleting Article V § 1(2) from the ordinance as the same applies to the Vieux Carre. Whether or not the provision in question is wise or unwise is a matter which *921 addresses itself to the proper legislative body and not to the Board,
The judgment appealed from is affirmed.
Affirmed.
Rehearing denied.
SAMUEL, J., is of the opinion that a rehearing should be granted.