TUCKER, Judge
(dissenting).
I respectfully dissent from the decision of the majority of this court in affirming the judgment of the trial court, which set aside the exception to the zoning regulations granted by the Board of Adjustment of the Parish of East Baton Rouge to Gulf States Utilities Company allowing the erection of an electric power substation on the subject property, and maintaining the injunction against Gulf States from the construction of the substation.
The issue which presents the greatest significance in the resolution of these consolidated cases is whether or not the trial court was correct in setting aside the exception to the zoning law granted to the defendant by the Board of Adjustment. The record in my opinion does not support the judgment of the trial court or the majority decision of this court setting aside the exception granted by the Board, a quasi-judicial body.
The cases are legion which hold that there is attached to the acts of Boards, performing their functions in a quasi-judicial character, a presumption of validity, and any person, entity or group of individuals aggrieved by the actions of such Boards, bear the burden of rebutting this presumption of legality. See State v. Board of Zoning Adjustments of City of New Orleans, 197 So.2d 916 (La.App. 4th Cir. 1967). This burden imposes the duty on a relator attacking the validity of such a Board’s action to show an abuse of the body’s discretion, its lack of jurisdiction, or that its action was arbitrary, capricious and unreasonable and without support in law. See State v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1944).
The law looks with substantial disfavor when courts interfere with the actions of Boards and Commissions having quasi-judicial status, in the absence of a clear showing of a violation of such a body’s considerable discretion. A court should be careful not to usurp the functions of such quasi-judicial bodies where the commission has not acted arbitrarily. See Plantation Anhydrous A. Corp. v. Anhydrous A. Commission, 234 La. 869, 101 So.2d 699 (1958).
Applying the accepted precepts of law to the facts presented here, I simply am unable to find evidence in the record which rebuts and overcomes the presumption of the validity of the exception to the zoning law granted to Gulf States by the Board of Adjustment. The mere fact that the Board’s letter allowing the exception did not recite the phrase “compelling necessity” for the construction of the substation in no sense establishes that the Board did not find a compelling necessity for the construction. In order for the Board to grant the exception, the Zoning Ordinance Sec. 8:402 specifically required it to make such a finding before issuing the exception, and its granting of the exception creates the presumption that it acted in a valid and lawful manner. As so aptly put by counsel for Gulf States the evidence adduced at the court trial served to buttress and support the propriety and validity of the Board’s action.
I entertain doubt that the zoning regulations of East Baton Rouge Parish require a utility to prove that there is a “compelling necessity” for the construction of a power distribution adjunct at a specific location in order to obtain an exception to a zoning classification. However the evidence adduced obviates the necessity of considering this question. The plaintiffs referred to eight alternative sites, which they considered preferable to the lot chosen by Gulf States. As it turned out each such alternative site bore the same zoning classification *343 A-l as did Lot 6 with the exception of one piece, classified as M-l, and the evidence shows that this piece was unsuitable from an engineering standpoint. In other words, save the one site, the other alternatives for the substation could not have been used as a substation without an intervening action before the Board of Adjustment to obtain an exception to the zoning regulations.
The standard imposed on the defendant utility by the majority’s decision will not stand muster. The same arguments lev-elled against Lot 6 for its use as a substation would be just as cogent and prohibitive with respect to the alternative sites suggested by the plaintiffs.
The need for the substation in the general area of the subject property is essentially uncontested and without question. The presumption of the validity of the exception granted the utility company by the Board of Adjustment for the construction of the substation is virtually unassailed.
The Moss Side Place restrictive covenants have no bearing on the outcome of these consolidated cases.
I believe that the decision of the majority is not supported by the law or the jurisprudence.