ROBERT M. FLEMING, Judge Pro Tem.
This is an appeal from the Civil District Court for the Parish of Orleans which rendered a judgment reversing the Board of Zoning Adjustments relative to the granting of a variance in depth as to the requisite size of lots in a proposed subdivision.
Wesley L. Wyman, intervenor-appellant, contracted to purchase a tract of land from co-intervenors appellants, Phillip Zollinger and Mrs. Monica Elizabeth Williams Mas-carro, Testamentary Executrix of the Estate of Ramon V. Mascarro, contingent upon receiving approval from the Board of Zoning Adjustments for the subdivision of the area into lots for building. The tract involved is located in Algiers along Aurora Oak Drive between Hyman Place and River Oaks Drive and measures approximately 200 feet in width and 2800 feet in length. Presently it is zoned RS 2 single family residential. The record reflects that several plans have been submitted to the Zoning Board and/or City Planning Commission relative to the use of this property. All have been rejected by the appropriate administrative tribunals except the present one which was approved by the Board of Zoning Adjustments.
Application for a variance was made to the Board of Zoning Adjustments relative to the lot size into which the property was to be divided. Under the terms of the Comprehensive Zoning Ordinance for the City of New Orleans lots are required to be 50' x 90' when property is zoned RS 2 single family residential. Because of the peculiar shape of this tract the property cannot be subdivided into lots of this size and still have a public street running through the middle of the subdivision in the traditional manner. Therefore application was made to allow a variance in the lot size so that rather than having each lot *422 measure 50'x90' in dimension, each would be 60' x 85' in dimension. The square footage requirement of the ordinance would be met in all respects. The only variance from the requirements of the ordinance would be that the depth of each lot would be 5' less than codal specification. With this variance allowed a street could be run through the middle of the tract and the land subdivided into residential lots.
It was this plan that the Board of Zoning Adjustments approved, granting a variance pursuant to the stipulations of the Zoning Ordinance. In so doing the Board specifically found that:
“ * * * the granting of the reduction in lot depths will in no manner adversely affect this property or any surrounding properties. It is further the opinion that the lots will be in keeping with the intent and purpose of the Zoning Ordinance, and that denial of the right to reduce lot depths would be unjust and impose unnecessary hardship * * * ff
Writs of certiorari were taken to the Civil District Court for the Parish of Orleans from the decision by River Oaks-Hy-man Place Home Owners Civic Association, appellee herein. The District Court reversed the Zoning Board decision.
It is this decision of the lower court which is presently on appeal. Article 13 § 11 of the Comprehensive Zoning Ordinance for the City of New Orleans provides in part as follows:
Consistent and in accord with the provisions of Article 15, Section 2.3 of this Ordinance, the Board shall have the power to grant the following variances:
“1. A variation in the yard, lot width, depth or frontage, lot area per family, spacing of buildings, floor area ratio, open space ratio and parking requirements in any district so as to relieve practical difficulties or particular hardships in cases when and where, by reason of exceptional narrowness, shallowness, or shape of a specific property at the time of the enactment of such regulation or restriction or by reason of exceptional topographical conditions or other extraordinary and exceptional situations or conditions of such property, the strict application of such regulation or restriction would result in peculiar and exceptional practical hardship upon the owner of such property. Such grant or variance shall comply, as nearly as possible, in every respect with the spirit, intent, and purpose of this ordinance and the granting of a variation shall be only for reasons of demonstrable and exceptional hardship as distinguished from variation sought by applicants for purposes or reasons of convenience, profit, or caprice.”
The ordinance then indicates a series of standards which must be met before a variance may be granted. Article 15 § 2.3.
A careful review of this record convinces us, that the Board of Zoning Adjustment was justified in finding as a factual matter that a practical hardship will result to the owner of this tract if this minor variance is not granted; that the character of the locality would remain intact with the. granting of the variance; and that the reduction “will in no manner affect this property or any surrounding properties.” The zoning classification of the area remains the same and the same construction specifications apply as if the lots were of regular size. Additionally, the Civic Association has persistently opposed a subdivision of this tract on this and other proposals and no one has shown how the tract could be otherwise subdivided.
We are of the opinion that the district court erred in reversing the decision of the Board of Zoning Adjustments. All of the requirements of the Zoning Ordinance as to due notice, open hearing and opportunity to be heard were complied with by the Zoning Adjustments Board before granting the variance in zoning requirement to the *423 property owners. There is no indication that the Zoning Board was either arbitrary or capricious or that it abused its discretion in granting the requested variance. Absent such a finding, the district court may not substitute its judgment for that of the Zoning Board. Nassau Realty Co. v. City of New Orleans, La.App., 221 So.2d 327 (1969).
For the foregoing reasons the judgment of the lower court is reversed and the decision of the Board of Zoning Adjustments is hereby reinstated. Costs of this proceeding are to be borne by appellee.
Reversed.