316 So.2d 147 (1975)
The TIMES PICAYUNE PUBLISHING CORPORATION
v.
CITY OF NEW ORLEANS et al.
No. 6964.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied August 5, 1975.
*148 Phelps, Dunbar, Marks, Claverie & Sims, Eugene R. Preaus, New Orleans, for plaintiff-appellant.
Blake G. Arata, City Atty., Joseph E. Berrigan, Jr., Asst. City Atty., for defendant-appellee.
Satterlee & Mestayer, Kent Satterlee, Jr., Robert J. A. Williams, New Orleans, for intervenor-appellee.
Before REDMANN, LEMMON, and BEER, JJ.
BEER, Judge.
Subsequent to a duly noticed hearing before the Board of Zoning Adjustment of the City of New Orleans (hereafter, "the Board") as a result of which certain relief was granted to intervenor-appellee Noroaltom Development Company, Inc. (hereafter, "Noroaltom") appellant, the Times-Picayune Publishing Corporation (hereafter, "Times-Picayune"), timely sought reconsideration of that ruling in the Civil District Court for the Parish of Orleans.
Limiting its ambit of judicial inquiry to a determination of whether or not the Board's action was arbitrary or capricious,[1] the district court reviewed the documentary evidence and a transcript of the proceedings which, together, made up the entire record before the Board.
Appellant, through able counsel, now vigorously contends that the district court erred when it foreclosed the introduction of additional testimony presumptively supportive of its opposition to the Board's action.
Appellant further contends that, at any event, the Board "exceeded its authority" in granting relief "inconsistent with the administrative principles" of the city's zoning ordinance.
Appellee, the City of New Orleans (hereafter, "the City") joins with Noroaltom in seeking affirmance of the district court's decision contending the Board acted reasonably; was not arbitrary or capricious; and that the settled jurisprudence of our State clearly presumes regularity in reviewing the decision of an administrative agency.
Granting the correctness of the general legal principles relied upon by the City, we are of the view that a party allegedly aggrieved by the decision of an administrative agency who preserves his rights in accordance with applicable provisions of the law (as the Times-Picayune has done here) is entitled to judicial review which, within the sound discretion of the trial court, includes the right to expand the record made up in the administrative hearing. See: Magnum Corporation v. Dauphine, 293 So.2d 582 (La.App. 3rd Cir. 1974).
Thus, even if the ambit of consideration is limited to an inquiry into whether or not the Board acted arbitrarily or capriciously, such consideration, to be valid, must give an allegedly aggrieved party an opportunity to show how and why the Board's action is arbitrary or capricious. This can include the right to call witnesses who may not have testified previously. *149 Without this right, judicial review may lack procedural due process.
Because of this we gave painstaking consideration to appellant's pleadings, brief and oral argument. Except for the assertion that, given time, appellant might be able to produce testimony to show that the Board had "exceeded its authority," no other contentions were advanced that could support the conclusion that the Board's action was arbitrary or capricious.
Acknowledging our view that a meaningful "day in court" requires a full opportunity to make one's presentation in the most complete manner possible, we seriously question whether any useful purpose would be served by a remand. For, even though appellant has not abandoned the position that the Board was arbitrary or capricious, it has effectively acknowledged that it really has no basis for supporting such a claim except to the extent of attempting to show that the Board "exceeded its authority."
In connection with this contention, we find no present basis upon which we should conclude that a marked reduction in the value or usefulness of property cannot be among the reasons considered when granting a variance of setback requirements or loading area requirements. That is not to say that mere financial loss or diminution in value so clearly connote a harsh and onerous consequence as to positively require relief. Other factors need be considered. But, there is nothing in this record to form a basis for finding that the Board, by such considerations, among others, exceeded its authority. In granting the setback waiver, the Board did take account of the undue hardship that would otherwise be imposed on the applicant but also considered the open space requirements from the standpoint of the intent and purpose of the ordinance. And, in granting the relief sought in connection with the loading zone, the board concluded that the alternative proposed by appellant was in keeping with the intent and purpose of the applicable ordinance and constituted full satisfaction of the loading zone requirements. No mention of financial loss or of a particular consideration of the matters from that standpoint is made.
Certainly almost all matters coming before a zoning tribunal have some financial implications. It would be naive to conclude otherwise. But there is no basis here for a conclusion that the granting of relief springs solely from that consideration.
Had there been any allegations of undue pressure, improper influence, or off the record proceedings, appellant's thwarted effort to call additional witnesses would have been the basis for our requiring that the case be remanded. However, able counsel for appellant acknowledged in the oral argument that the additional testimony he unsuccessfully sought to present would do no more than question the extent of the Board's authority. Appellant's counsel was either unwilling or unable to state to us how this might be done although he did affirmatively and categorically state that no evidence was available or contemplated as being available which could in any way sustain a claim of arbitrariness or capriciousness on the part of the Board in terms of any undue influence or calculatedly improper action. No proffer was made by appellant subsequent to the trial court's action regarding the calling of additional witnesses but we now know from counsel's statement to us in oral argument that their testimony would not have indicated any impropriety, irregularity or inconsistency on the part of the Board other than the "exceeding of authority" already discussed.
Having concluded that the actions of the Board were not in excess of their authority, and there being no other area of consideration left for judicial inquiry for the *150 reasons noted above, we find no useful purpose would be served by remanding this case.
The judgment is affirmed; costs of this appeal to be paid by appellant.
Affirmed.
NOTES
[1] The definition of the boundaries of the district court's inquiry is: Did the Board act arbitrarily or capriciously in the reasonable and proper exercise of its authority including its decision making process? See: River Oaks-Hyman Place Homeowners Civic Asso., 288 So.2d 420 (La.App. 4th Cir. 1974).