374 So.2d 177 (1979)
COLISEUM SQUARE ASSOCIATION, INC. and Richard W. Simmons
v.
The BOARD OF ZONING ADJUSTMENTS OF the CITY OF NEW ORLEANS, Edward C. Kurtz and the City of New Orleans.
No. 10056.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
*178 Thomas W. Tucker, New Orleans, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, Albert Mintz and Thomas E. Loehn, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON and STOULIG, JJ.
SAMUEL, Judge.
This is an appeal by the Coliseum Square Association, Inc. and Richard W. Simmons from a district court judgment affirming a unanimous decision of The Board of Zoning Adjustments of the City of New Orleans. The decision and judgment grant the owner of property at 1428 Terpsichore Street, New Orleans, a variance from the parking requirements of the Comprehensive Zoning Ordinance for the City of New Orleans by dispensing with the five off-street parking spaces otherwise required of property bearing a zoning designation of C-1 Commercial.
The owner, Mrs. Theona Halpern, purchased the property when it was zoned C-1 and its occupancy was general office use. The lot size was and remains 27' X 95'. When purchased, the property could not afford off-street parking because the existing structure (which is the building now owned by Mrs. Halpern) almost occupied the lot in its entirety. The building was constructed prior to the enactment of the pertinent Comprehensive Zoning Ordinance.
Averring the building was deteriorated, the owner presented a proposal to the New Orleans Historic Landmarks Commission for renovation. This proposal was approved by the Commission, and the owner then applied for a building permit with the New Orleans Department of Safety & Permits. The requested permit involved renovation of the rear wing of the building and closing in of the balcony on one side. The Department of Safety & Permits refused the building permit because the proposed renovation did not provide for five off-street places. The owner then applied to the Board of Zoning Adjustments of the City of New Orleans for the variance.
Due proceedings were conducted before the Board, including notice and hearing, and a representative of the Board was sent to the location to conduct a visual inspection prior to its decision. Thereafter, the Board unanimously decided to grant the owner a variance waiving the five off-street parking space requirement.
*179 This court has held that even if we disagree with a holding of the Board of Zoning Adjustments, we are nevertheless obliged to sustain the Board's conclusion unless the evidence in its entirety so strongly preponderates against the Board's decision that it compels us to find an abuse of discretion on the part of the Board.[1] In other words, in the absence of a clear abuse of discretion, we have no authority to substitute our conclusions for those of the Board.
Appellants contend the district court committed error by not allowing additional evidence to be introduced on appeal. However, R.S. 33:4727 clearly provides it is within the discretion of the district court to allow new evidence in order to clarify the issues.
Appellants also contend the property owner misled the Board by misrepresenting the nature of the renovations, the area renovated, and the nature of the enclosure of a porch. However, the record shows that the same amount of ground space was utilized before and after the renovation, the zoning usage did not change, and the five off-street parking spaces were not available prior to the renovation. The only manner in which the owner could have provided the five off-street parking spaces was to demolish a portion of the premises, and such an action on her part would have been in direct violation of the requirements of the Historic Landmarks Commission. In short, had the Board of Zoning Adjustments not granted the variance to dispense with five additional off-street parking spaces (which were not required of the previous owner of the property or of the present owner prior to renovation), the result would have been to penalize the owner for improving and renovating property deemed to be of historic value to the City of New Orleans.
We hold the facts before the Board were sufficient to justify its conclusion, and the same facts were sufficient to justify the trial judge's refusal to take additional evidence on appeal.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Gertler v. City of New Orleans, La.App., 346 So.2d 228; see also State v. Board of Zon. Adjust. of City of New Orleans, La.App., 197 So.2d 916; Times Picayune Pub. Corp. v. City of New Orleans, La.App., 316 So.2d 147.