524 So.2d 172 (1988)
Lawrence Blake JONES
v.
Frank A. CUSIMANO, Sr., et al.
Nos. CA 8394, CA 8931.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Writ Denied May 20, 1988.
Mark M. Gonzalez, New Orleans, for appellant.
Michael J. Laughlin, Stassi, Rausch & Giordano, New Orleans, for appellees.
Before GULOTTA, BYRNES, and CIACCIO, JJ.
*173 CIACCIO, Judge.
Plaintiff sought injunctive relief to prohibit defendant from using the property at 1117 Valmont Street, New Orleans, in violation of the City's zoning ordinance. The property is in an area zoned RD-2, Two Family Residential District. Defendant has been using the property for multiple-family housing; the building contains seven separate apartments.
For some time the property enjoyed non-conforming use status, permitting defendant to lease all seven apartments. From November 3, 1986, through May 7, 1987, however, the building was vacant, no apartments were rented. Plaintiff argues that this vacancy of over six months results in the loss of non-conforming use status and requires that the property must now be used in conformity with its RD-2 zoning.
Defendant contends that the six-month vacancy was not voluntary, but was caused by an inability to secure tenants. Defendant argues that to lose non-conforming use status through discontinuance of use, the discontinuance of use must be voluntary. Defendant concludes, therefore, that because the six month vacancy was not a voluntary discontinuance of use, the property has not thereby lost its non-conforming use status.
The district court denied plaintiff's petition for a preliminary injunction. Plaintiff appealed, 511 So.2d 486. Later, the district court granted plaintiff's petition for a permanent injunction. Defendant appealed, CA 8931. We have consolidated the two appeals for our consideration, but find no useful purpose in addressing now whether a preliminary injunction should have issued. We, therefore, in effect, dismiss plaintiff's appeal and decide only whether defendant should be permanently enjoined from using 1117 Valmont in any manner not in conformity with the regulations of the district in which the property is situated.
Article 12, Section 2, of the Comprehensive Zoning Law of the City of New Orleans of 1970, provides,
Section 2, Discontinuance of Non-Conforming Uses, Land and Buildings.
No building or portion thereof or land used in whole or in part for nonconforming purposes according to the provisions of this Ordinance, which hereafter becomes and remains vacant for a continuous period of 6 calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated. Neither the intention of the owner nor that of anybody else to use a building or lot or part of either for any nonconforming use, nor the fact that said building or lot or part of either may have been used by a makeshift or pretended nonconforming use shall be taken into consideration in interpreting and construing the word "vacant" as used in this section; provided further that if the lessee of any building or place used or occupied for nonconforming purposes under a bona fide lease shall at any time before the expiration of said lease cease to occupy or use said building for nonconforming purposes, said building or land shall not be considered vacant until the owner of said building or place shall again obtain legal control of its occupancy and use; but this exemption shall not apply if the owner for any reason be entitled legally to regain possession and does not by legal or other effective means attempt so to do and provided further that in the event of bankruptcy a building or place used for nonconforming purposes shall not be considered vacant until said building or place is sold or possession thereof returned to the owner by order of court or otherwise in the bankruptcy proceedings and provided, further, that any building or land used for nonconforming commercial or industrial purposes upon which a mortgage has been inscribed and recorded prior to the adoption of this Ordinance shall not be considered vacant after foreclosure proceedings have been instituted until mortgagee (the holder of the mortgage) or purchaser at foreclosure sale takes possession and ownership established by court procedure or until mortgagee gains possession of the property by a recorded legal transfer. *174 Defendant's property was vacant for over six months. Unless "voluntariness" of the vacancy is legally material, the injunction properly issued.
In Fuller v. City of New Orleans, 311 So.2d 466, 468 (La.App. 4th Cir.1975), discussing that a zoning ordinance may validly limit non-conforming use to the span of time that the use continues in an unbroken sequence, this court stated, "When the use is voluntarily discontinued for a prescribed period of time, the ordinance may prohibit resumption of the nonconforming use." Defendant seizes upon this statement as establishing an element of "voluntariness" in the meaning of "vacancy" as used in the ordinance. Defendant also relies on Kinard v. Carrier, 175 So.2d 920 (La.App. 3d Cir.1965), for the proposition that vacancy due to the owner's inability to find a tenant does not establish a discontinuance of use resulting in loss of non-conforming use status.
Defendant correctly extrapolates the legal proposition of the Kinard case, but fails to pay heed to its limitations. The Kinard court stated, "This, however, is the prevailing law in American jurisdictions, in the absence of a specific provision in the municipal zoning ordinance providing otherwise." 175 So.2d at 922. Before the Kinard court was the Lake Charles ordinance which contained no specific provision regarding non-conforming use. The court held, "Under the preponderant jurisprudence... a vacancy due to inability to secure tenants does not constitute a discontinuance, interruption or abandonment of such nonconforming commercial use." Id. at 923. The Kinard court noted,
The decision of our State Supreme Court in Onorato v. Rossignol, 217 La. 751, 47 So.2d 489 [La.1950) ], is not inconsistent with these decisions or the legal principles above stated. There, a dry-cleaning establishment was held to have lost its nonconforming status in a residential area because the property had been vacant for over two years. However, in that instance (unlike the present), the municipal zoning ordinance applicable specifically provided a nonconforming status was lost if the nonconforming building remained vacant continuously for more than six months.
Id. Under consideration in Onorato was the then New Orleans ordinance which was substantially similar to that before us now.
The defendant similarly treats too broadly the court's language in Fuller, supra. The Court's statement regarding a use being "voluntarily" discontinued was in the context of the general law of zoning. Interpreting the same ordinance now before us, the court held that a barroom, not used for over six months because of the owner's illness and consequent inability to operate, had lost its non-conforming status. There is no suggestion that the owner "voluntarily" became ill and discontinued the nonconforming use of the property. Compare Pailet v. City of New Orleans, 433 So.2d 1091 (La.App. 4th Cir.1983), where this court found "vacant" a building where of five apartments the one apartment allegedly occupied (which occupancy would have prevented "vacancy") was in fact "vacant" because the owner had moved to live with her daughter because of her failing health and inability to care for herself, even though the apartment remained furnished with the owner's possessions and she hoped to return there to live; such discontinuance of use cannot be said to have been "voluntary."
Defendant also points out that the ordinance provides that certain kinds of "involuntary" discontinuance of use will not result in loss of non-conforming status. That the ordinance makes exception for specified "involuntary" discontinuances does not mean that a discontinuance must be "voluntary" before it results in loss of non-conforming status. Further, the ordinance makes exception for instances where specified legal impediments prevent possession, occupation, or control of the property. The ordinance does not classify any use or non-use as "voluntary" or "involuntary;" only defendant does so.
No legal impediment prevented defendant from securing tenants. The property was in fact vacant for over six months. That the lack of tenants may have been *175 beyond defendant's control is not legally material. We conclude, therefore, that because the property remained vacant for over six months, it lost its non-conforming use status.
Accordingly, we affirm the district court's judgment enjoining defendant in the use of the property at 1117 Valmont Street, New Orleans. Defendant shall pay all costs of these proceedings.
CA 8394 DISMISSED;
CA 8931 AFFIRMED.