525 So.2d 674 (1988)
Genia T. FRANKLIN
v.
CITY OF BATON ROUGE, and Wayne Rogillio, Chief of Police.
No. CA870410.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Donald R. Johnson, James J. Zito, Baton Rouge, for plaintiff-appellant Genia R. Franklin.
*675 Richard E. Redd, Baton Rouge, for defendant-appellee City of Baton Rouge, et al.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
Plaintiff, Genia T. Franklin, brought this mandamus and damage suit against the City of Baton Rouge and Chief of Police, Wayne Rogillio, to enforce an order of the Municipal Fire and Police Civil Service Board (Board) ordering her reinstatement to the Baton Rouge Police Department and damages for lost wages from the date of her termination on July 7, 1986. The trial court denied the plaintiffs Petition for Mandamus finding that the Municipal Fire and Police Civil Service Board was without jurisdiction or authority to consider her claim because of less than three months employment with the police department.
The judgment of the trial court stated that it was based on stipulations of fact. The record does not contain any written or oral stipulation of facts, nor do the minute entries indicate that any stipulation was introduced. Absent such evidence it was inappropriate for the trial court to rule on the matter, and it is likewise inappropriate for an appellate court to consider the matter.
Although the defendant's brief stipulated all the necessary facts to make a proper decision in this case, the briefs of the parties are not part of the record, and we have no authority to consider on appeal facts referred to in brief which are not in the pleadings or the evidence. An appellate court may not consider evidence which is outside the record. See LSA-C.C.P. art. 2164. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Capital Drilling Co. v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986).
Accordingly, the judgment of the trial court is vacated. We remand for further proceedings consistent with the views expressed herein. Costs are to await final disposition.
JUDGMENT VACATED AND REMANDED.