GRISBAUM, Judge.
This appeal concerns the granting of a peremptory exception of prescription in favor of the defendants in a personal injury action. We set aside and remand.
PROCEDURAL HISTORY
On July 31, 1987, the plaintiff, Jeffrey J. Deris, filed suit in federal court against the defendants, Harry Lee, individually and as sheriff of Jefferson Parish, and Walter Floyd, individually and as deputy sheriff of Jefferson Parish. In his petition, Deris alleged a cause of action under federal law for civil rights violations and under state law for personal injury and damages arising out of an incident which allegedly occurred on August 8, 1986.
Thereafter, the plaintiff apparently decided to forego the federal claim and pursue only his state court claim. On February 18, 1988, the plaintiff filed a petition for personal injury and damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. In response, the defendants filed a peremptory exception of prescription claiming (1) that the plaintiff voluntarily dismissed his federal court suit prior to filing suit in state court; (2) because of this voluntary dismissal, under La.C.C. art. 3463, interruption of prescription is considered never to have occurred; and (3) therefore, the state court suit, filed in excess of 18 months from the time of the alleged incident, was untimely.
Following a hearing, the trial court granted the exception of prescription and issued the following Reasons for Judgment:
The plaintiff, Jeffrey J. Deris, brought this lawsuit for personal injuries and damages that he allegedly received in an attack by a Jefferson Parish Deputy Sheriff, on August 8, 1986. Mr. Deris first brought this lawsuit in the United States District Court for the Eastern District of Louisiana. He voluntarily dismissed the lawsuit in federal court on January 27, 1988. This dismissal is reflected by a minute entry of the same date. The federal court formalized this dismissal on March 30, 1988.
On February 18, 1988, the plaintiff filed a petition on the same cause of' action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. The defendant, Walter Floyd, then filed an exception of prescription based on *1073 L.S.A.-C.C. article 3463. This article states that “an interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff ... abandons, voluntarily dismisses, or fails to prosecute the suit at trial.”
This Court thinks that the operative language here is “interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.” The plaintiff voluntarily dismissed the federal court lawsuit on January 27,1988 as reflected by the minute entry in the federal court proceeding. L.S.A. Civil Code article 3463 says that “interruption is considered never to have occurred if the plaintiff ... voluntarily dismisses ... the suit at trial.” The Civil Code article focuses on the plaintiffs action and does not mention anything about a formal dismissal by the Court. This Court feels obligated to follow the strict construction of the codal article. Therefore, this Court holds that the plaintiff dismissed this case from federal court on January 27, 1988, and accordingly this case has prescribed. Plaisance v. Loop, Inc., 499 So.2d 736 (La.App., 4th Cir., 1986), writ denied[,] 503 So.2d 23.
ANALYSIS
After reviewing the entire record on appeal, as well as the original record from the district court, we find inadequacies which prevent us from properly adjudicating this case. As evidenced by its Reasons for Judgment, the trial court apparently considered minute entries from the federal court proceedings in making its ruling. However, the record does not contain any such evidence nor do the minute entries from the Twenty-Fourth Judicial District Court proceedings indicate this evidence was ever introduced at the hearing.
It is axiomatic that an appellate court may not consider evidence which is outside the record. See La.C.C.P. art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (La.1965); Franklin v. City of Baton Rouge, 525 So.2d 674 (La.App. 1st Cir.1988). Absent such receivable evidence, it was inappropriate for the trial court to rule on the matter and, likewise, it would be improper for this Court to consider the issue. Id.
For the reasons assigned, the judgment of the trial court is hereby set aside and the matter is remanded for further proceedings consistent with the views expressed herein.
SET ASIDE AND REMANDED.