694 So.2d 468 (1997)
Carl J. PRESCOTT, Jr.
v.
The PARISH OF JEFFERSON and Linda Charbonnet wife of/and Robert P. Charbonnet.
No. 96-CA-1058.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*469 Keith M. Matulich, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Defendants/Appellants.
Joseph L. Montgomery, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for Plaintiff/Appellee.
Before DUFRESNE, BOWES and WICKER, JJ.
WICKER, Judge.
This is an appeal by neighbors of a property owner from a judgment which granted the property owner a variance in the mandatory side-yard allowance established by the parish's zoning ordinance. We vacate the trial court's judgment and remand for new trial.

FACTS
Carl J. Prescott, Jr. applied to the Jefferson Parish Department of Inspection and Code Enforcement for a permit to install air conditioning units in his side yard at 6 Rue Royale, Metairie, in Jefferson Parish. The lot is zoned R1-A, a zoning designation for single-family homes. The permit was denied because installation of the units would leave an insufficient side-yard allowance.[1] Prescott appealed to the Zoning Appeals Board (ZAB) for a variance.
After hearings on three occasions and a visit by ZAB members to the property site, the Zoning Appeals Board denied the variance request, stating, "Board Members unanimously agreed that there was `no hardship' in this case, and the immediately adjoining property owner never did withdraw his opposition."
Prescott filed suit against the Parish, seeking reversal of the ZAB's decision and an order that a variance be issued. He argued that the ZAB had regularly granted such variances to similarly-situated properties and that the failure to grant a variance to him was arbitrary and capricious.
The Parish denied that such variances had been regularly granted or that the action of the ZAB was arbitrary and capricious, and asserted that all actions of the ZAB were legal, constitutional and reasonable.
*470 Linda Schreiner, wife of/and Robert P. Charbonnet intervened in the suit to oppose granting of the variance. They own Lots 18 and 17 adjoining plaintiff's lot. Their home is constructed on Lot 18, so that Lot 17 at present constitutes a side yard to their home. They contended the granting of a variance to Prescott would constitute a nuisance to them and a diminution to their property value because of problems caused by noise and/or by drainage.
The Charbonnets also filed a request for written notice of the dates set for trial or for hearing of any pleadings or motions, as well as for notice of the signing of any final judgment or rendition of any interlocutory order or judgment, as provided by La.Code Civ. P. Arts.1913-1914.
The district court rendered judgment in favor of Prescott, without holding a trial or a hearing. The judgment stated that the case was submitted on the record of the ZAB. The court found that "the failure to grant a variance in this case was arbitrary and capricious as other properties in the area have been given similar side yard variances." The judgment reversed the decision of the ZAB and ordered the Parish to issue a variance to Prescott permitting him to install air condition units in his side yard.
The Charbonnets moved for new trial, which was denied. On motion of Prescott the court issued an amended judgment on September 10, 1996, which specified that Prescott be given a permit allowing him to place four air conditioning units in the yard of his property, with a one-foot minimum distance between any of the units and the property line separating his lot from the Charbonnets' property.
The Charbonnets filed a devolutive appeal. They contend the trial court erred in reversing the ZAB's decision to deny the variance on the basis that other such variances had been granted in the neighborhood, because the record contained no evidence to show how many other variances actually were granted or the reasons why such variances may have been granted. They contend further that the court erred in rendering judgment without holding a trial or hearing.

LAW
There is a prima facie presumption of validity which attaches to the acts of a duly constituted administrative board, such as the Board of Zoning Adjustments. State ex rel. Phillips v. Board of Zoning Adjustments of City of New Orleans, 197 So.2d 916, 918-919 (La.App. 4 Cir.1967). On appeal, the burden is on the appellant or relator to affirmatively show the board abused its discretion or its decision was in excess of its jurisdiction or otherwise erroneous as a matter of law. Id.
Each zoning case must be decided on the facts peculiar to it, no general rule can be formulated as to what constitutes hardship, or as expressed in the statute here under consideration, `unusual and practical difficulties or particular hardship', sufficient to authorize the grant of a variance, no single factor determines what constitutes such hardship, and all relevant factors must be considered.
Id. at 919.
A person who opposes a zoning board's decision bears the burden of proof that the decision was arbitrary, capricious and unreasonable. The opponent must show that the board's action bears no relation to health, safety or the public's general welfare. Merrihue v. St. Charles Parish, 496 So.2d 1232 (La.App. 5th Cir.1986), writ denied, 497 So.2d 1019 (La.1986).
"In determining whether it should grant a variance or not, a zoning board has no general rule to follow as to what constitutes a hardship or unusual and practical difficulties sufficient to authorize a variance. It must determine each case on its own merits and consider all relevant factors." Merrihue, supra, at 1234.
In the hearings before the ZAB, Prescott stated he wished to place the air conditioning units on the side of his house because the house was to have a glass wall facing the back yard and the air conditioners would be unsightly. His alternative would be to place the equipment on the roof of the house, which also would be unsightly because his house is higher than others in the neighborhood *471 because he had filled the lot higher for flood-zone purposes. Although he stated that others in the neighborhood had received variances for the same purpose, he produced no evidence of specific instances.
The Charbonnets testified they own the lot next to Prescott's and, although it presently is undeveloped, they felt that placing air conditioners in the side yard without the required five-foot clearance would be noisy and would reduce the value of their adjoining lot and make it harder to develop.
Under the Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, a number of circumstances must exist before the ZAB may exercise its power to grant variances. The person seeking the variance must establish the following:
1. Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner's convenience or profit.
Barreca v. Parish of Jefferson, 95-14 (La. App. 5 Cir. 4/25/95), 655 So.2d 403, 404.
The scope of judicial review of zoning matters, including the actions of any appeal board, is to look for "abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process, provided, further, that the right of review of a zoning ordinance shall not be limited by the foregoing." La. R.S. 33:4721.
The record before us contains no evidence to show either hardship or that the variance is not merely for Prescott's convenience. Further, there is no evidence that such variances had been granted to other property owners; there is only a statement to that effect by Prescott. Nevertheless, the trial court's statement that such variances had been granted in the neighborhood indicates there is evidence that did not get placed properly into the record.
An appellate court may not consider evidence which is outside the record. See La. Code Civ. P. art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (La.1965). Absent such receivable evidence, it was inappropriate for the trial court to rule on the matter and, likewise, it would be improper for this Court to consider the issue. Deris v. Lee, 581 So.2d 1072, 1073 (La.App. 5 Cir. 1991).
An appellate court is given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitively on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. * * * It is fair and logically consistent with existing jurisprudence to remand this case for submission of additional competent evidence by the parties material to the issues raised. La.Code Civ.P. arts. 2132 and 2161.
Ferguson v. Joiner, 95-924 (La.App. 3 Cir. 12/13/95); 667 So.2d 1133, 1137.
We conclude the trial court erred in failing to hold a trial in this matter. The parties should have been allowed an opportunity to present evidence concerning their contentions. The trial judge's own statements indicate there is evidence to be presented which would clarify the record for us so that we may make a proper ruling.
For the foregoing reasons, the judgment of the district court is vacated and the case is remanded for new trial.
VACATED AND REMANDED.
NOTES
[1] The Jefferson Parish Comprehensive Zoning Ordinance (CZO) requires a single-family home to have a minimum side yard of five feet. Installation of the air conditioning equipment in Prescott's side yard would leave only a two-foot side yard.