838 So.2d 193 (2003)
Phillip A. CERMINARO
v.
The JEFFERSON PARISH ZONING APPEALS BOARD.
No. 02-CA-1041.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 2003.
Rehearing Denied March 10, 2003.
*194 Thomas J. Capella, Capella Law Firm, Metairie, LA, for plaintiff-appellee.
Thomas G. Wilkinson, Parish Attorney, Philip A. Gattuso, Assistant Parish Attorney, Gretna, LA, for defendant-appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
This is an appeal by the Parish of Jefferson from a judgment reversing a Zoning Appeals Board order which denied a property owner's request for a zoning variance. For the following reasons, we reverse and reinstate the Board's ruling.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Philip Cerminaro, purchased his home located at 318 Midway Drive in River Ridge, in June 2001. However, he and his family did not immediately move into the home. Shortly after purchase, plaintiff hired a contractor to construct a six (6) foot cedar fence all the way around his property with a cedar gate located on the driveway. He did not apply for a permit prior to construction. Rather, he relied on his contractor to determine whether a permit was necessary and if so, obtain one. A permit was not obtained. After being citing with a violation of Jefferson Parish Comprehensive Zoning Ordinances 20434 and 20783, plaintiff applied for a zoning variance to the Zoning Appeals Board ("ZAB") for Jefferson Parish. The citation stated that plaintiff was constructing a fence without a permit and was doing so in the required front yard area without setting his fence back thirty (30) feet from the front property line. Plaintiff's options were to obtain a permit, make an application to the ZAB or comply with zoning district property line setback requirements for fences.
In response, plaintiff made a request to the ZAB for a variance. His "Property Hardship Statement" cited the special needs of his nineteen year old son who has Down's Syndrome and the need for secure outdoor space away from their swimming pool for his son, as well as, his four year old daughter, new born baby and the family's two dogs. Plaintiff further noted that the front yard space is necessary because the house was built ninety-two feet back from the front property line and the swimming pool encompasses the open side yard space on his property. Plaintiff asserted that his property value would be diminished if he is required to reduce the amount of usable front yard space by thirty feet. Additionally, his parking space will be diminished and certain landscaping and lighting will be located outside the fence subjecting him to great expense to move and reconfigure these things within the fence. He pointed out that he obtained permission from one neighbor living at 314 Midway Drive. Moreover, he followed the fence line of his neighbors at 314 Midway Drive and 9600 Garden Oak Drive when constructing the fence to the outer limits of his property. Several of plaintiff's neighbors signed a petition opposing the variance. The River Ridge Community Association also opposed plaintiff's fence variance.
Plaintiff's most vocal adversary was his neighbor, William Becker, who resides at 323 Midway Drive. Mr. Becker maintained that there are no front yard fences in the immediate area of 318 Midway Drive and that that address never had a front yard fence. Mr. Becker requested that the existing six foot fence be removed; that the new fence be setback no less than thirty feet from the front property line; that the new fence be a decorative, open type fence up to forty-two inches high (not *195 a chain link fence); and that plaintiff submit a drawing of the proposed fence to the ZAB prior to permit issuance.
After a hearing, ZAB denied plaintiff's request for a variance. Excerpts from the hearing indicate that the variance was denied essentially because plaintiff did not apply for and receive a permit prior to construction. The ZAB's written reasons for denial state:
Board Members agreed, with the opposition, that if they were to allow a six-foot (6') high wooden fence to exist with none of the thirty-foot (30') front yard setback required, they would certainly set an undesirable legal precedent in which the adjoining property values will be negatively effected and the variance will not preserve the general welfare and prosperity of the neighborhood.
Thereafter, plaintiff filed suit against the Parish seeking to reverse the ZAB's decision denying him a variance. Plaintiff presented letters from his son's treating physician and special education teacher, a recent appraisal of his property and photographs of his property and other fences in the neighborhood to the district court in support of his request for a variance. After trial of this matter, Judge Robert Pitre apparently found the ZAB's decision was arbitrary and capricious. The trial court granted the variance in open court, stating:
I'm looking at Lot 318 compared to the other lots in that particular area. The lot itself appears to be different in that there seems to be a heavy growth of trees and shrubbery and all sorts of other vegetation that's not apparent on the other photographs of the other properties. The only thing that's clearly visible of the wooden fence on 318 is the... gate itself ...
Now, one of the problems we have is that if the fence was set back 30 feet, because of the configuration of the lot with this vegetation, we'd have 30 feet by the width of the lot that would be completely dead space. All that he could do would be to cut the grass on it, and it would be like a little park in front of his house and in front of his fence.
Based on that, plus the testimony of the witnesses and taking into consideration the special circumstances [of] his child with Down's Syndrome, I'm going to go ahead and grant a variance to the extent that I'm going to require that Mr. Cerminaro change the gate to a wrought iron type gate. Other than that, I'm going to grant the variance.
The Parish now appeals this ruling.

DISCUSSION
The Parish argues that the ZAB's ruling was not arbitrary and capricious. Therefore, the trial court erred in reversing its decision and granting the variance. At trial, plaintiff opposed the ZAB's decision and, thus, bore the burden of proving its decision was arbitrary and capricious. Our Court recognizes that a prima facie presumption of validity attaches to zoning board actions. Parish of Jefferson v. Davis, 97-1200 (La.App. 5 Cir. 6/30/98), 716 So.2d 428. A reviewing court cannot substitute its own judgment or interfere absent a showing by the appellant or relator that the ZAB was arbitrary and capricious or abused its discretion. Id. In determining whether it should grant a variance or not, a zoning board has no general rule to follow as to what constitutes a hardship or unusual and practical difficulties sufficient to authorize a variance. Prescott v. Parish of Jefferson, 96-1058 (La.App. 5 Cir. 4/9/97), 694 So.2d 468. It must determine each case on its own merits and consider all relevant factors. Id.
*196 The Jefferson Parish Comprehensive Zoning Ordinances at issue [Ordinance Number 20783 § 3(XX(7)) and § 3(VII-C(4)) ], state that front yard areas may not be fenced or otherwise enclosed unless a variance is granted. However, if a variance is granted, open design durable material fences are permitted in the front yard if they are set back three (3) feet from the front property line. The fence may not obscure view of the adjacent property. Wood, metal and decorative fencing may be used in conjunction with masonry, brick or similar opaque material as long as the solid opaque material does not extend more than three (3) feet above the ground and columns are not higher than six (6) feet or wider than eighteen (18) inches. There are also minimum yard requirements. Those requirements are as follows: front yard thirty (30) feet; rear yard twenty (20) feet; and side yard ten (10) feet per side.
In deciding whether to grant or deny the variance, the ZAB may consider how the proposed fence conforms to the characteristics of existing fences in the immediate area. Under the ordinances, fences which do not meet the above criteria are not permitted in the required front yard but may be permitted in the side and rear yards. Plaintiff's front yard fence is at issue for its cited violation of the ordinance prohibiting front yard fences not set back thirty (30) feet from the front property line and because it is a solid wood fence.
The Board determined that the variance should not be granted because it would set an undesirable legal precedent and would not preserve the general welfare and prosperity of the neighborhood. While we empathize with plaintiff's special needs, we tend to agree with the ZAB's determination. Thus, we conclude the trial court erroneously granted the variance. We do not find, however, that plaintiff should be penalized because his property is not characteristic of his neighboring properties. Nor do we do find that he must make his property look like those neighboring properties.
Under the Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, the Board has the power to grant variances in certain circumstances:
1. Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner's convenience or profit.
Accordingly, before a variance may be granted, the ZAB must find that all of the first three requirements are present, plus one of the factors listed in the fourth or fifth paragraph. Barreca v. Parish of Jefferson, 95-14 (La.App. 5 Cir. 4/25/95), 655 So.2d 403. Apparently, the ZAB failed to find the appropriate requirements were met.
We note for the record that plaintiff's property is unique and by design does not resemble its neighboring properties. Plaintiff's lot is sized 100 × 150 feet and is mostly enclosed by trees and shrubbery. *197 His house and swimming pool are set approximately twenty (20) feet forward from the back property line. Plaintiff's immediate neighbors do not have front yard fences, nor do they have trees or shrubbery enclosing their property and most of the houses are not set as far back on the lot as plaintiff's house is. We point out that pictures of plaintiff's now fenced property demonstrate that most of this front yard fence is not clearly visible to passers by because it is almost entirely concealed by the trees and shrubbery. However, certain sections of the front portion of the fence are visible through the thick vegetation.
The most visible violation of the ordinance is the solid wooden gate area which crosses plaintiff's driveway along the front property line. The ordinance does not require plaintiff to completely tear down all four sections of his fence, as the violation only applies to the front fence and the front 30 feet of plaintiff's property. It is important to note, however, that even if a variance were granted under Ordinance No. 20783 § 3(XX(7)), a front yard fence must be set back a minimum of three feet. Under the variance, if it was approved, only the base three feet of the fence could be solid or site obstructive. The upper three feet of the fence must be an open design with columns no higher than six feet and no wider than 18 inches. The ordinance is quite specific, "fences not meeting the above criteria shall not be permitted."
Because the evidence does not establish that ZAB's action was arbitrary and capricious, we vacate the trial court's judgment and reinstate the ZAB's order denying plaintiff's request for a variance to keep his already constructed wooden front yard fence.

CONCLUSION
Based on the foregoing, we vacate the trial court's judgment and reinstate the Zoning Appeal Board's order denying plaintiff's request for a variance of the zoning ordinance.
JUDGMENT VACATED, ZONING APPEAL BOARD ORDER REINSTATED.