REDMANN, Judge.
Relator appeals from a judgment affirming a partial denial by the New Orleans Board of Zoning Adjustments of his application for allowance of a variance from the city zoning ordinance, art. XXVI, § 5, para. 3.
The ordinance provides, in part, as an exception or modification to use regulations,
“ * * * One segment of fence not to exceed seven (7) feet in height may be erected in each required or existing side yard area (whichever is the lesser) of a residential use when placed in an alignment 'approximately parallel to the front lot line and connecting the main building with a fence on or along the side lot line.”
Relator had constructed a seven-foot concrete block wall atop an existing three-foot high concrete porch, a total height of ten feet. Considered as a part of the dwelling, the wall would have been much too close to the front property line, being only three feet away.
The respondent Board, in order to allow some relief to relator, treated the wall *548 as a fence and granted a variance to allow the fence although it did not connect the main building with a fence on the side lot line. However, the Board refused the variance to allow the full ten feet height, and made its grant enabling the fence to remain dependent on relator’s removing the top three feet.
Relator argues his fence is only seven feet high, and that the board erred in measuring height from grade level instead of from his three-foot high porch.
But we find that art. Ill of the ordinance defines building in its preamble to include the word structure, and expressly defines building in sec. 7 as “any structure designed or built or used for the support, enclosure, shelter or protection of persons, animals, chattels, or property of any kind.” And sec. 8 defines “Building, Height of” as “the vertical distance from the grade to the highest point * *.”
We conclude the ordinance refers to height from grade in allowing fences to be only seven feet high.
Alternatively, relator argues the Board should be estopped from denying the height variance because a city building inspector visited the premises several times and observed the construction taking place but made no complaint until after the fence was completed. The inspector says he never saw the fence going over the height limit until it was completed.
 In any case there is no authority on the part of a building inspector to grant a variance; see City of New Orleans v. Langenstein, 111 So.2d 363 (La.App.1959), cert. denied.
Relator’s arguments based on hardships involved in the partial removal of his fence deserve little consideration, in view of his .admission at the Board’s hearing that he knew the fence would violate the ordinance yet built it without first obtaining a variance. To adopt his argument under these circumstances would be to invite violations in order to obtain variances.
There was a pre-existing hardship, resulting from the disability to provide privacy or even protection for the front of a dwelling built so close to the street. This hardship presumably persuaded the Board to allow the variance it did grant. But we cannot find any abuse in the Board’s discretion in refusing the height variance on the facts here involved.
Accordingly the judgment appealed from is affirmed at appellant’s cost.
Affirmed.