Hillsborough
No. 7312

VICTOR W. DAHAR

v.

DEPARTMENT OF BUILDINGS FOR
CITY OF MANCHESTER

February 27, 1976

*Victor W. Dahar,* by brief and orally, pro se.

*Devine, Millimet, Stahl & Branch* and *James E. Townsend (Mr. Townsend* orally) for the defendant.

PER CURIAM. This is a petition for declaratory judgment brought by the plaintiff to determine whether a fence erected around his swimming pool is in violation of the terms of a variance

granted by the zoning board for the erection of the fence. Plaintiff sought and obtained from the zoning board a variance which would permit the erection of a six-foot fence instead of the four-foot fence permitted by the Manchester Zoning Ordinance § 4.03 (69). Plaintiff raised the grade of a portion of the lot on Hall Street by two feet and erected a fence six feet in height over the raised portion and eight feet in height where the grade had not been raised. The Trial Court *(Batchelder,* J.) held that the variance "contemplated the then existing grade of the petitioner's land and not the raised grade subsequently created by the petitioner." The court denied plaintiff's request for a finding that he was not in violation of the ordinance and reserved and transferred his exceptions.

Plaintiff argues that it was necessary to raise the grade of his land in order to properly construct the swimming pool and that the variance must have contemplated the height of a fence from the grade he raised it to. Plaintiff relies upon references in the zoning ordinance dealing with the height of buildings and referring to "mean finished grade" as supporting the measuring of the height of his fence from the grade he raised it to. We pointed out in *Rye v. Ciborowski,* 111 N.H. 77, 276 A.2d 482 (1971), that the scope of a variance is dependent upon the representations of the applicant and the intent of the language in the variance at the time it is issued. Accordingly, "meaning depends on popular usage and the circumstances surrounding their use, unaffected by statutory definitions." *Id.* at 81, 276 A.2d at 486. It follows that plaintiff's reliance on *Katz v. Board of Zoning Adjustments,* 232 So. 2d 546 (La. App. 1970), is misplaced since that case involved violation of the zoning ordinance and not a variance.

Nothing in plaintiff's application or the variance suggests that the permit to erect a "6' high fence at street lot line" contemplated a change in the grade. *Katcher v. Home S & L Ass'n,* 245 Cal. App. 2d 425, 53 Cal. Rptr. 923 (1966), cited by the plaintiff involved buildings erected on land where the grade was specifically authorized by the city. In the present case, neither the city nor the abutting landowners had knowledge or control of plaintiff's grading plans. The trial court correctly ruled that plaintiff's fence exceeds the scope of his variance and was in violation of its terms. *Rye v. Ciborowski supra.*

*Plaintiff's petition dismissed.*