GARRISON, Judge.
This is an appeal from a judgment of the district court denying plaintiffs’ application for writs. That application sought an order compelling the Council to issue a permit, enjoining the defendants from denying plaintiffs’ permit application pending this litigation and enjoining the defendants from closing plaintiffs’ business. Plaintiffs appeal from the district court’s judgment denying the application.
In October of 1979, plaintiffs purchased a house at 1335 Barataría Boulevard in order to run a day care center. The property was zoned R-l, Single Family Residential. The premises were inspected and approved by the health department and fire department. Plaintiffs applied to the Council for a permit to run the day care center and the Council refused to accept their application. The first suit, JDC # 233-007, was commenced, resulting in an order directing the Council to accept the application, which it did on November 20, 1979.
On January 8, 1980, the Council held a public hearing on the plaintiffs’ application. Six people spoke in favor of the application; no one spoke against it. The Planning Commission then introduced a petition with 24 signatures in opposition to the application. No showing was made that the signatures were made by or corresponded to names of property owners whose property was within 300 feet of plaintiffs’ property.[1] The Planning Commission also noted Resolution # 30949 which denied a public hearing on an application when two property owners living within 300 feet of the applicant’s property objected to the application for a zoning change. The Council adopted the recommendation of the Planning Commission that the application be denied.
On appeal, plaintiffs contend that the trial court erred in failing to issue a writ of mandamus and a permanent injunction and that the trial court erred in failing to find that the action of the governing authority was arbitrary or unreasonable. We agree.
At trial, scant evidence was presented. The defense evidence presented consisted of testimony of various Council members to the effect that in light of the large number of applications reviewed annually, they could not remember why this particular application was denied. The defense also presented testimony by the Parish Planner, Donald Terranova. Terranova, testified that the Planning Department recommended denial of the Application because of public opposition and because plaintiffs’ intended use was incompatible- with the rest of the area.[2]
Upon review, we find that the governing authority acted both unreasonably and arbitrarily in denying plaintiffs permit when it failed to comply with its own proce *5 dures by failing to show that the petition contained signatures of property owners, as distinguished from lessees, and that the owners’ property was within 300 feet of plaintiffs’ property.
We further find that the Council acted arbitrarily and unreasonably in denying plaintiffs’ permit in light of the considerable commercial development in the area. Considering the non-integrity of the neighborhood and the compliance by the appellants with all interrelated agency requirements, there was no rebuttal showing that the nursery school would have any adverse effect on the neighborhood. It was shown that the denial by the council was based on the members’ avowed protection of the integrity of the neighborhood and the rejection of the application by the planning board.
The planning department director denied the application because the nursery school was a commercial use and is not compatible with the development permitted in an R-l residential district. Obviously, this is true; otherwise there would be no need for a zonal consideration. The planning department routinely recommends against such commercial uses in residential districts in order to uphold the integrity of the residential district. The record affirmatively shows that there is no residential integrity to preserve. Accordingly, the action of the Council was arbitrary and unreasonable.
For the reasons discussed, the judgment of the district court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that a writ of mandamus is hereby issued in this proceeding, compelling the Jefferson Parish Council to issue to plaintiffs, Charles and Dorothy Morton, the requested variance permit for the operation of the day care center at Municipal Number 1335 Barataría Boulevard.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Jefferson Parish Council or anyone acting at its direction is hereby permanently enjoined from closing, hampering, or otherwise impeding the operation of plaintiffs’ business, pending the grant of the permit ordered above.
REVERSED AND RENDERED,

. We note that the petition itself, is not contained in the record before this court.

. The record indicates that the rest of the area includes:
2 Seafood Restaurants and Bars
1 Attorney’s Office
1 Nursery School
1 “Women’s Clinic”
2 other Medical Complexes
1 Gas Station
12 (approximately) Vacant Lots
1 Large Tract of vacant property consisting of a number of acres
10 Houses