SAMUEL, Judge.
The Parish of Jefferson has applied for writs from a trial court dismissal of its petition against Mr. and Mrs. Charles Morton. The petition seeks to enjoin those defendants from operating a nursery school in a R-l residential neighborhood. As respondents have filed an opposition to the application, and as none of the pertinent facts involved herein are in dispute, there is no need to issue certiorari.
Previously, the Parish Council had refused to grant the Mortons a permit to operate the school and they filed suit[1] seeking judicial reversal of that refusal. Their suit was dismissed and they appealed to this court. Our judgment[2] reversed that of the trial court, directed the Parish to issue the permit, and enjoined the Parish from closing, hampering or impeding plaintiffs’ business. The Parish filed a timely application for rehearing.
Following our judgment, but priór to any action on the Parish’s application for rehearing, the Mortons began operating their nursery school. The Parish then filed its injunctive suit. The trial court refused to consider the matter on the ground it lacked jurisdiction because the matter was still pending on appeal. On January 21, 1982, this court denied the application for rehearing and mailed notice thereof. Subsequently, relator filed this application for writs.
We disagree with the trial judge’s conclusion that he lacked jurisdiction because the matter was still pending on appeal. As provided by Code of Civil Procedure Article 2088, on appeal the trial court is divested of jurisdiction only over those matters which are reviewable under the appeal. Here the issue presented by the injunctive suit, whether the Mortons should be enjoined from operating their school during the pendency of the appeal from the original judgment effectively denying them the right to so operate, was not before this court on appeal and the trial court retained jurisdiction over that suit.
Nor does there appear to be any doubt about the proper conclusion to be reached in the injunctive suit. The application for rehearing was denied and notice thereof was mailed on January 21, 1982. The last two paragraphs of Code of Civil Procedure Article 2166 read as follows:
“If a timely application for rehearing has been filed in the court of appeal, and the court of appeal denies the application, the judgment becomes final and definitive unless an application for writ of certiorari to the supreme court is filed within thirty days of the mailing of the notice of a denial of rehearing.
If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari.” LSA-C. C.P. Art. 2166.
Thus, relator has thirty days from January 21, 1982 to apply for writs to the Supreme Court, our judgment is not final, and the original trial court judgment, which we reversed, is still viable. As the trial court judgment refused to order the issuance of a permit, and as the respondents cannot open their nursery school without a permit, they cannot open their school while that judgment is on appeal.
*289 For the reasons assigned, the judgment of the trial court refusing to consider the Parish’s suit to enjoin the Mortons from operating their nursery school is annulled and set aside and the matter is remanded to the trial court which is now directed to issue the requested injunction until such time as our judgment on appeal becomes final or, alternatively, should the Supreme Court grant writs, until the finality of the Supreme Court judgment.
ANNULLED, SET ASIDE AND REMANDED.

. No. 233-557 of the docket of the 24th Judicial District Court.

. No. 12,055 rendered September 15,1981. 408 So.2d 3.