CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “B”, Parish of Jefferson, wherein the Honorable Frank V. Zaccaria reversed the decision of the Zoning Appeals Board for the Parish of Jefferson holding such decision to be arbitrary, capricious and unconstitutional. The Parish of Jefferson and the Jefferson Zoning Appeals Board have appealed.
In 1975, William Barrattini sought to develop a commercial complex in an area of Jefferson Parish known as “Fat City”. The initial application to build this complex was refused by the Jefferson Regulatory Board based upon a lack of available parking under the then comprehensive zoning ordinances for Jefferson Parish.
According to those zoning ordinances, all general businesses, commercial or personal service establishments catering to retail trade were required to have one parking space for each 250 square feet of gross floor area. Based upon this formula, Bar-rattini’s building required 56 parking spaces but had only 48 available. An appeal was taken in which the necessary variance of eight parking spaces was granted by the Zoning Appeals Board on December 15, 1975. This variance was “to permit the construction of a restaurant and retail stores ... as per plot plan submitted.”
The building was immediately built and all but a portion of it was finished and occupied. This portion constituted a large area located downstairs that has remained to date an unfinished shell. It is noteworthy that on the Floor Plan and Schedules originally submitted, this area was designated for use as a “restaurant and lounge.”
On December 1, 1982, United Talent Associates, Inc. a/k/a Rascals (United) entered into a lease agreement with Barratti-ni to use the already built, but unimproved, shell area as a night club-lounge and applied to the Safety Department for the proper building permit to put into place the necessary refinements so as to implement the purpose of the lease. After United made its application, the Barrattini building was reinspected; and, as a result of that inspection, Kelly Lynn’s, a tenant, was reclassified from “office” to gymnasium.” Based upon this reclassification, there was a severe shortage of parking spaces and United’s initial application was denied. The Zoning Appeals Board refused to reverse this denial and the matter was ultimately litigated and resolved in favor of United who was given the opportunity to *1295 reapply. In addition, the parish was ordered not to use the reclassification of Kelly Lynn’s as a basis for denial of the permit.
United then made a second application and were again denied any building permit by the Department of Inspection and Code of Enforcements. This denial was also due to a shortage of available parking but based upon the present zoning ordinance which requires one parking space per 150 square feet of gross floor area. The Zoning Appeals Board again refused to reverse the denial due to lack of available parking and also cited the change in usage from “restaurant” to “lounge” as an additional factor.
United Talent Associates, Inc. filed the instant suit in the Twenty-Fourth Judicial District Court against the Parish of Jefferson and the Zoning Appeals Board and/or the Safety Department for Jefferson Parish. Judgment was rendered on November 10, 1983, in favor of plaintiff, ruling that defendants’ actions were arbitrary, capricious and unconstitutional and that defendants could use neither inadequate parking nor the use of the premises as a lounge as a basis for denial of the permit. From this decision, Parish of Jefferson and the Zoning Appeals Board have appealed.
On appeal, appellants assert the following specifications of error:
that (1) the trial court erred in not granting the exceptions of defendants/appellants; and that
(2) the trial court further erred in finding the action of the Zoning Appeals Board decision arbitrary, capricious and unconstitutional.
As to appellants’ exceptions, only the res judicata is briefed. Accordingly, we shall address that exception and consider the remaining exceptions abandoned.
Appellants cite Jefferson Parish’s comprehensive Zoning Ordinances, Section XXII-5 which states that an aggrieved party has 30 days from the time the decision of the Zoning Appeals Board is filed in the Board Office to seek relief. Appellants argue the Board’s decision is final in that more than 30 days have elapsed between the time the Board’s decision was filed on December 30, 1982 and appellee appealed that decision to the district court.
December 30, 1982 was the date the first decision by the Board concerning the reclassification of Kelly Lynn’s was filed. That decision is of no importance, nor has any application in the instant litigation which is based upon the. Board’s second denial.
As to the Board’s decision which is at issue in the instant litigation, both the record and appellants’ brief are silent as to when that decision was filed in the Board’s office. Consequently we dismiss this assignment of error.
Appellants additionally contend that the trial court erred in finding the Zoning Appeals Board’s decision to be arbitrary, capricious and unconstitutional. As to this error, appellants admit by brief that the leased, unfinished shell can be used as a restaurant under the 1975 variance; but, however, a “lounge” constitutes a change of use and, therefore, the present parking formula should be applied.
Under the Zoning Ordinances in effect when the variance was granted, restaurants and lounges were treated equally, as to parking requirements, in Section XVIII(2)(11) entitled “General Business, Commercial or Personal Service Establishments Catering to retail trade, including ‘supermarkets.’ ” In the present Comprehensive Zoning Ordinances for Jefferson Parish, restaurants and lounges are still on equal footing, but have been singled out in Section XVIII(2)(18A) entitled “Restaurant and Lounges.” Regardless of whether the parking requirements are placed under the old or present ordinance, those ordinances made no distinction as to which use was being applied.
It is apparent from the record that the Zoning Appeals Board denied appellees their permit for lack of sufficient parking based upon a change in use from restaurant to lounge. Yet appellants have not *1296 amply demonstrated any rational basis for the arbitrary distinction made by the Board between a restaurant and a lounge when no such distinction is contained in the statute. We agree with the trial court that such a distinction is arbitrary and capricious.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellants’ cost.
AFFIRMED.