472 So.2d 152 (1985)
CASTLE INVESTORS, INC.
v.
The JEFFERSON PARISH COUNCIL and The Parish of Jefferson.
No. 85-CA-100.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
Writ Denied June 28, 1985.
*153 David J. Hebert, Marrero, for plaintiff-appellant.
David Colvin, Asst. Parish Atty., Gretna, for defendants-appellees.
Before CHEHARDY, BOWES and GAUDIN, JJ.
BOWES, Judge.
Plaintiff appeals a judgment of the district court in favor of defendant and dismissing all plaintiff's claims. The judgment affirmed a decision of the Jefferson Parish Council denying a rezoning classification of the plaintiff's property. We affirm the judgment of the trial court.
Castle Investors, Inc., plaintiff-appellant, is the owner of lot 7A, Square A, Florahaze Subdivision, in Jefferson Parish. The lot fronts on Barataria Blvd., and is an unimproved parcel of land. In July, 1981, plaintiff filed a petition with the Parish Planning Department requesting that the land be rezoned from R-1, residential, to C-1, neighborhood commercial. In December, 1981, the petition was denied and plaintiff filed the instant lawsuit.
In addition to the averral that denial of the rezoning was illegal and in contravention of his rights, plaintiff also stated that he suffered financial losses. Appellant Castle Investors claimed to have been prevented from operating its business at the location due to the said refusal of the Council. Plaintiff also prayed for a writ of mandamus to compel the Council to rezone the land in question.
After trial on the merits, the trial court, in oral reasons, declared that the Council was not arbitrary and capricious in its action of refusing the rezoning; that there was testimony from witnesses that there was no need for further commercial development, and therefore the Council had "a good cause not to change this zoning." All claims were dismissed.
On appeal, the plaintiff has alleged that the trial court erred in not finding defendant arbitrary and capricious; and that the trial court erred in not awarding damages to plaintiff.
At trial, Walter Marschner, a professional real estate broker and appraiser, testified that the highest and best use of the property "would be that which would bring back the greatest return to the investor ... and the base [sic] on the fact that most of the property in this area is being used already for commercial purposes ... and immediately adjacent to or almost adjacent to commercial property ... It's my feeling the property would best be used for a small office building ... This could be for office purposes or retail purposes ..." Marschner also testified that the increase in building such a building from the date of the zoning reclassification request, and the date of trial, was $21,126.00; and lost profits from loss of potential rent would be $3,500.00. Mr. Marschner was not familiar with the zoning in the surrounding area, but rather with the uses of the adjacent property.
Frank Fradella, also a real estate appraiser called to testify by the Parish, testified that there was a "title restriction" on the property, which limited use of the property to "strictly residential property, no business establishments;" considering this and the zoning classification, the highest and best use in his opinion is as an R-1 or residential use. North, south, and east is zoned R-1; the witness was unsure of zoning to the west. The square block in which the property is located was, according to Fradella, 90% residential: "From Barataria to Avenue G and then 13th to 14th Street, I would say that it is 90% residential."
Donald Terranova, principal planner with the Jefferson Parish Planning Department, testified that the planning department and Planning Advisory Board recommended denial *154 of the petition. According to the report introduced into the record, the Board found that there was a substantial amount of vacant commercial property to meet the needs of the neighborhood; that reclassification of this property would add to the stripping of Barataria Boulevard with commercial zoning; and, finally, that approval of the request would serve as the basis for similar requests in the neighborhood.
Field men were sent by the department to "do a land use" of the area and prepare maps. The department based its decision on the maps, land uses, input from a public hearing conducted by the Board,[1] and 7 criterion[2] usually addressed in every zoning report.
In 1981, both sides of Barataria were zoned R-1; in 1981, a change to C-1 for the subject property would have been "spot zoning", according to Terranova.
After studying the map introduced into evidence at the trial, we agree with the trial judge in his conclusion that the Parish Council had valid reasons to deny plaintiff's request to re-zone from R-1 to C-1, and that such a change would have constituted illegal spot zoning. The subject property is virtually indistinguishable from the surrounding propertynorth, south, east, and west, for several blocks, zoning is R-1 (residential). Several blocks to the north, on Wichers Street, there is commercial zoning; across Barataria, and to the west several more blocks, there is some R-3 residential zoning.
The sole question to be addressed is whether or not the Council was arbitrary and capricious in its denial of plaintiff's petition. We find that it was not.
The test of whether an action is arbitrary and capricious is whether the action taken is reasonable under the circumstances. "That is, was the action taken without reason?" Jemison v. City of Kenner, 277 So.2d 728 (La.App. 4th Cir.1973).
"Arbitrariness" is the absence of a rational basis. While "arbitrary" is defined either as based on individual judgment or as determined by whim or caprice, only the latter is prohibited in the exercise of administrative functions. Graffea v. City of New Orleans, 351 So.2d 1311 (La. App. 4th Cir.1977).
Webster's Third New International Dictionary (Copyright 1976) defines "arbitrary" in pertinent part: "... arising from unrestrained exercise of the will, caprice, or personal preference...." "Capricious" is defined as: "... lacking standard or norm ... marked by variation or irregularity; lacking predictable pattern or law ..."
Considering the above literal and legal definitions of the words "arbitrary and capricious" and, in light of the evidence, the learned trial judge astutely and correctly interpreted the law that the Council *155 had, within the outlined rules and recommendations of the planning department, good cause to refuse a zoning change in 1981, and therefore was not arbitrary and capricious.
Plaintiff relies strongly on an earlier case involving property within, according to plaintiff, 100 feet from the subject property. The case is Morton v. Jefferson Parish Council, 408 So.2d 3 (La.App. 4th Cir.1982); modified, by the Supreme Court, at 419 So.2d 431 (La.1982). However, the Morton case involves a use permit, not a zoning change. Permitted use in a particular zoning district is distinct from a zoning change or variation. We do not find Morton to be controlling or apposite to the issue before us.
It was not unreasonable of the Council to deny plaintiff's application in the present case. The fact that there is and may have been considerable commercial development in the area does not alter the fact that there is a substantial amount of vacant property in the area which is already (or was at the time of the hearing) zoned C-1. Much of the "commercial use" is basically "permitted" use within the R-1 classification; some use is clearly commercial. Rezoning of plaintiff's property would have been spot zoning which is illegal. A city purporting to act under its police powers cannot create in a large area of property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate classification. Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1975). The fact that a zoning ordinance does not permit an owner the most advantageous economic use of his land does not render the ordinance invalid. Hernandez v. City of Lafayette, 399 So.2d 1179 (La.App. 3rd Cir.1981).
While the most economically advantageous use of the plaintiff's property would likely be a commercial use, it does not follow that refusal of the Council to rezone the land was arbitrary and capricious.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal will be borne by appellant.
AFFIRMED.
NOTES
[1] At the hearing, one person spoke in favor of the rezoning, and one spoke in opposition. A petition was received with 141 signatures in opposition.
[2] The Planning Department and Planning Advisory Board's recommendations are based on their evaluation of this request in terms of the following criteria:

1. Need for zoning changeThe petitioned property is situated in an area containing vacant commercial zoning so need is not a factor or basis for this request.
2. Community facilities considerationThe change in demand on the area's community facilities as result of this request would be negligible.
3. Transportation considerationA C-1 Neighborhood Commercial reclassification would permit uses that increase trip generation along Barataria Blvd., a heavily travelled major street.
4. Land use compatibilityA C-1 Neighborhood Commercial zoning classification in this location would permit uses that are not compatible with the single family development in the area particularly the type of development that has occurred east of the petitioned property.
5. Comprehensiveness of requestThe petitioned property only consists of 1 lot, therefore, it cannot be considered comprehensive in scope.
6. Development pattern in the areaAlthough there are some commercial uses in the area, the primary land use is single family structures.
7. Zoning pattern considerationApproval of this request would serve only to disrupt the existing zoning districts in the area.