496 So.2d 1232 (1986)
H.J. MERRIHUE
v.
ST. CHARLES PARISH PLANNING & ZONING DEPARTMENT.
No. 86-CA-199.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
Writ Denied December 5, 1986.
*1233 Leon C. Vial, III, Julie Burke, Hahnville, for H.J. Merrihue plaintiff-appellee.
G. Don Irby, Director of Legal Services of St. Charles Parish, Boutte, for St. Charles Parish Planning and Zoning Dept. defendant-appellant.
Before CHEHARDY and KLIEBERT, JJ., and J. BRUCE NACCARI, J. Pro Tem.
J. BRUCE NACCARI, Judge Pro Tem.
This is a zoning case. From a decision in favor of the plaintiff landowner and against the defendant, St. Charles Parish Planning and Zoning Department, the defendant has appealed.
The plaintiff, H.J. Merrihue, owns a plot of approximately six acres in St. Rose, St. Charles Parish, upon which he installed a house trailer sometime prior to 1981, when the St. Charles Parish Zoning Ordinance was adopted. Early in 1985 he began construction of an addition to the trailer without applying for a permit. In March the Department notified him that he was in violation of the Parish Zoning Ordinance for having no permit and for building within the ten feet side yard setback requirement for A-1 Agricultural Zoning.
Merrihue then applied for a variance. A neighbor appeared at the hearing to oppose the building, alleging that a portion of the overhang of the new roof was three feet from her wooden back fence. The Board of Zoning Adjustments denied the variance because of the opposition and because of a possible fire hazard. Merrihue reapplied after Mrs. Gaude, the neighbor, notified the Board that she withdrew her objection. The Board denied the variance after another hearing and ordered Merrihue to remove the addition within thirty days. Merrihue filed suit for an injunction, which was granted on December 19, 1985 after a trial. This appeal followed.
The issues raised by the Department are: whether the trial court abused its discretion in substituting its own judgment for that of the Board; whether it correctly applied a "reasonableness test" in determining whether the Board should grant the variance; and whether the plaintiff carried his burden of proof in showing that the Board was arbitrary, capricious and abused its discretion.
A recent statement of the appropriate standard of review for a decision of a zoning board appears in Lakeshore Property v. City of New Orleans, 481 So.2d 162 (La.App. 4th Cir.1985), writ denied 484 So.2d 674 (La.1976), at 167:
"While it is true that the actions of the BZA are afforded a presumption of regularity and a court should not merely substitute its own judgment for that of the Board, Phillips v. Board of Zoning Adjustments of City of New Orleans, 197 So.2d 916 (La.App. 4th Cir.1967), this Court has consistently held that the actions of the Board are subject to judicial review and must fall within the limited authority granted to the Board by law and must be based upon sufficient and competent evidence. State ex rel Pitts v. Board of Zoning Adjustments, 327 So.2d 140 (La.App. 4th Cir.1976); State ex rel Korns v. Board of Zoning Adjustments of New Orleans, 223 So.2d 505 (La.App. 4th Cir.1969); State ex rel Phillips v. Board of Zoning Adjustments, 197 So.2d 916 (La.App. 4th Cir.1967)."
Also in Cross v. City of New Orleans, 446 So.2d 1253 (La.App. 4th Cir.1984), writ denied 449 So.2d 1359 (La.1984), the court said at 1255:

*1234 "This court repeatedly has held that a prima facie presumption of validity attaches to the acts of the Board of Zoning Adjustments. A reviewing court cannot substitute its own judgment; it cannot interfere absent a showing by the appellant or relator that the Board was arbitrary and capricious or abused its discretion. Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977), writ ref'd., 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978); Roy v. Kurtz, 357 So.2d 1354 (La.App. 4th Cir.1978); State ex rel Maple Area Residents v. Board of Zoning Adjustments, 365 So.2d 891 (La. App. 4th Cir.1978)...."
The trial judge's tentative reasons for judgment, rendered from the bench, were as follows:
"THE COURT:
I think when somebody somebody [sic] has a piece of property that is nonconforming because of preexisting the zoning and they do an adjustment that is as insignificant as this adjustment, in view of the fact that it's a six-acre piece of property the man is building on, and that the adjustment that he made is perfectly in line with the type of activities that are in the adjacent properties, not the exact kind of thing but it's certainly not out of line with it, there's no lessening of anybody's property value or anything else. In fact, it appears to me that quite the contrary is true, is that if anything, it makes it more pleasing. And I think that the request for such a minor adjustment is reasonable and their refusal is arbitrary and should be overturned."
The separate issues raised by the appellant may be summarized as one: whether the court was correct in finding that the denial of a variance by the Board of Zoning Adjustments was not supported by competent evidence and was arbitrary and capricious.
The person who opposes a zoning board's decision bears the burden of proof that it was arbitrary, capricious and unreasonable and must show that the action bears no relation to health, safety, or general welfare of the public. Christopher Estates v. Parish Etc., 413 So.2d 1336 (La. App. 1st Cir.1982). In determining whether it should grant a variance or not, a zoning board has no general rule to follow as to what constitutes a hardship or unusual and practical difficulties sufficient to authorize a variance. It must determine each case on its own merits and consider all relevant factors. State ex rel Maple Area Residents v. Board of Zoning Adjustments, 365 So.2d 891 (La.App. 4th Cir. 1978).
To clarify our evaluation of the evidence and arguments submitted by both sides we point out that the zoning and setback requirements are different for Merrihue's acreage and the adjoining subdivision lots. Those properties face on Pitre Street but their rear boundaries abut the side of Merrihue's land. The Merrihue property is zoned A-1 Agricultural, requiring a side line setback of ten feet, while the residential lots are zoned R-1 Residential, requiring a rear line setback of only five feet. Merrihue's property is enclosed along the side by a chain link fence. Several of the abutting properties have wooden fences alongside the Merrihue fence.
Merrihue's request was for a variance from ten feet to five feet, as he alleged that the building was five feet from the line. The exact location of the line is uncertain. Mrs. Gaude stated in the first hearing that her wooden fence was only six inches inside the property line and that she had been told that Merrihue's page fence was three inches from the line. At the second hearing, another neighbor, Chuck Jones, complained that the addition was within three or four feet of the wooden fence on his property line. Depending on the true location of the line, Merrihue needed a variance of five to seven feet.
The plaintiff's case at trial was primarily based on his observations of other violations along the property line. He submitted a plat which he had drawn indicating sheds, firewood, and boats allegedly within five feet of the line. He admitted that he was not a draftsman, that the *1235 drawing was not to scale, and that it contained no measurements. He testified that a Mr. Urrel had applied for a variance for his shed and received it, but presented no supporting documents. The court allowed the drawing to be filed into evidence to "go to the weight"; however, it has no probative value and is useful only as a guide to the situation of the properties mentioned in testimony. The plaintiff called Harold Holmes, Director of Planning for the Department of Planning and Zoning. He denied having any direct knowledge of the violations alleged by Merrihue but said that there had been some complaints of violations within the Fairfield subdivision. He had no memory of the disposition of the Urrel case, and had not attended either of the hearings in which Merrihue's request was presented.
As to hardship, Merrihue testified that his building was 70% completed and had cost about $5,000 in materials. He could not move the addition to comply without disturbing something else. Without the variance he would have to dismantle it. He testified that he proceeded without a permit because he was unaware that the Parish had enacted a zoning ordinance. He explained that he was frequently out of town and even out of the country on diving jobs.
The Department presented two witnesses. Harold Holmes testified to procedures followed by his department in processing applications for variances and in investigating violations. He stated that each request for a variance was decided on its own merits, giving consideration to the opinions of the neighbors as to how a variance would affect them and the property values of the area. Judy Caillouet, Code Inspector, testified regarding her personal inspection of Merrihue's property. She found the addition to be too close to the property line, basing her decision on the distance from a fence.
The appellant in brief lists the procedures followed by the Board in considering a landowner's application for a variance, and indicates that the Board followed its regular procedures in the Merrihue case. He asserts that the minutes of the two public hearings, held on March 28, 1985 and May 23, 1985, indicate the Board considered all factors relevant to the addition: the need for the variance, impact on the neighbors and property values, the exact degree of encroachment, and the possibility of a fire hazard. A review of the minutes of the hearings indicates that four Board members had inspected the site personally. At both hearings, the members discussed Merrihue's failure to seek a permit before starting the addition and also before changing the roof line of a second building. They expressed disbelief of his ignorance of the zoning laws. An allegation of Merrihue that one of the members said in the second hearing that they were going to "teach the old timers that they did not own the parish" is not supported by the transcript of that hearing. In both hearings the proximity of the wooden addition to wooden fences was considered, leading the Board to vote to deny the variance because of a possible fire hazard.
The determinative question in this case is whether the plaintiff carried his burden of proof that the Zoning Board acted arbitrarily. Where the burden is upon the plaintiff his failure to establish a prima facie case by a preponderance of the evidence defeats his cause of action. Edelman Systems, Inc. v. Capitol GMC, Inc., 345 So.2d 99 (La.App. 1st Cir.1977), writ refused 347 So.2d 250 (La.1977). Merrihue failed to produce documentary evidence of preferential granting of a variance to a neighbor for a similar encroachment. His self-serving testimony alone was insufficient to make a prima facie case and shift the burden to the defendant. Merrihue's need for a variance arose simply from his failure to inquire into zoning requirements before beginning his construction. It is inconceivable that another arrangement was impossible on a six-acre plot. A self-created hardship does not entitle a landowner to a variance. Katz v. Board of Zoning Adjustments for City of New Orleans, 232 So.2d 546 (La.App. 4th Cir.1970); *1236 Sanchez v. Board of Zoning Adjustments, 488 So.2d 1277 (La.App. 4th Cir.1986), writ denied 491 So.2d 24 (La.1986).
Accordingly, for the reasons stated above, the judgment appealed from is reversed and the decision of the Board of Zoning Adjustments denying the plaintiff's request for a variance and ordering him to remove the encroaching structure is reinstated. All court costs are assessed against the plaintiff.
REVERSED.