GOTHARD, Judge.
Plaintiff takes this appeal from a judgment of the district court affirming the decision of Harahan’s Zoning Appeals Board refusing a variance for proposed construction.
The plaintiff, Albert Gardner, was denied a permit for proposed construction of a triplex because his property had less than the 7000 square foot minimum for such a unit established in Harahan’s Comprehensive Zoning Ordinance. Mr. Gardner then applied to the Zoning Appeals Board for a variance of 1600 square feet. After several months, involving numerous discussion sessions and public meetings, the Board granted the variance for construction of a duplex but not a triplex.
*1109 After submission on stipulations and memoranda, the trial judge rendered judgment upholding the Board’s decision, finding it had not acted arbitrarily, capriciously, or in violation of its discretion giving as reason the substantial area deficiency for the proposed construction. This appeal followed.
Appellant contends that the variance provision of the Harahan Zoning Ordinance (Article VII(c)) is unconstitutional as written or as applied in this case for the reason that the provision lacks objective standards to govern those officials charged with the duty of its application.
A zoning ordinance which fails to establish a sufficiently adequate and definite guide to govern officials with respect to granting of variances is void. See, Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982).
Section VII(e) of the Harahan Zoning Ordinance establishes the power and authority of the Board of Appeals in connection with granting of variances to relieve “exceptional and peculiar hardship.” It further provides that the variance be granted only if the spirit of the ordinance may be observed, the public health, the public safety and the general welfare secured, encouraging the most appropriate use of land and conserving property value without detriment to the neighborhood such that justice is done. The purpose clause within the ordinance’s enabling legislation prescribes additional criteria:
“... regulations shall be ... designed to lessen congestion in the public streets, secure safety from fire ... provide adequate light and air, avoid undue concentration of population ...” (LSA-R.S. art. 33:4723)
We find the standards detailed above adequately contain the discretion of Harahan’s Zoning Board of Appeals to guide their power to vary the application of zoning regulations and provide a basis for judicial review. Thus the enactment is valid as written. See Landry v. Schneckenberger, 466 So.2d 616 (La.App. 5 Cir.), writ denied, 468 So.2d 577 (La.1985).
Having determined the hardship relief provision of Article VII(c) is constitutional on its face, we now determine its constitutionality as applied to Mr. Gardner.
The Zoning Board of Appeals must apply the hardship relief provision of the zoning ordinance impartially and within reasonable discretion to each case. United Talent Assoc. v. Parish of Jefferson, 457 So.2d 1293 (La.App. 5 Cir.1984), writ denied, 462 So.2d 653 (La.1985). Their decision whether to grant or refuse a hardship variance must be justified by the evidence and reflect their evaluation of both the zoning ordinance and the existing factual situation. See Central Metairie v. Parish of Jefferson, 478 So.2d 1298 (La.App. 5 Cir.1985), writ denied, 481 So.2d 631 (La.1986). This evaluation involves the difficult problem of accomodating community needs and private rights. Because zoning laws restrict property rights they are construed in favor of the property owner. However, if relief is improvidently granted it involves the potential of serious injury to the land development plans of the community. See, Central Metairie v. Parish of Jefferson, supra.
In our judicial inquiry, the Board’s decision is given a presumption of validity. Its conclusions must be sustained on appeal unless the weight of the evidence so strongly preponderates against them that they constitute an abuse of the Board’s discretion. The burden of proof is on the complaining party. Central Metairie v. Parish of Jefferson, supra.
Appellant alleges that he has sufficiently proved “exceptional and peculiar” hardship unique to his property to merit the granting of a variance, making the Board’s refusal unconstitutional. He argues that without a variance to build a triplex he is excluded from all use of his property because at today’s construction costs and area rental rates this is the only economically feasible use of his land. He offers that he would provide off street parking to appease the neighbors, that other dimensions of construction would be in accordance with public safety, and that Harahan would benefit from the increased tax reve *1110 nue. And, he asserts the refusal is arbitrary in that he was allowed a 1600 square foot variance to construct a triplex on his lot at 236 Oak, which is just two blocks away from his lot at 28 Oak.
The record before us shows that appellant’s district is zoned multi-family residential with the restriction that no triplex or duplex be created on less than 7000 square feet of land area. Appellant’s lot was 1600 square feet too small for the proposed triplex.
The Board’s reason for the refusal to grant the 1600 square foot variance was that the applicant had not proved a sufficient hardship in view of the impact the proposed construction would have on the area’s zoning plan.
The Board also considered the appellant’s alleged economic circumstances. And attention was given to the fact that he was granted a variance to build a triplex on his property two blocks away at 236 Oak; however, it was distinguished in that unlike 236 Oak, 28 Oak was situated amongst older, single family homes and those neighbors complained of the proposed construction.
On these facts and considering the zoning plan it was not unreasonable of the Board to deny appellant’s application. Moreover appellant’s arguments of economic hardship are not persuasive. According to the record, appellant chose not to build a duplex on the lot despite a variance granted in 1977 for this purpose and the apparent success of neighboring duplexes.
The hardship which justifies granting a variance must stem from the application of the ordinance to the property in question and not from actions of the applicant which amount to self-induced hardship. Merrihue v. St. Charles Parish, 496 So.2d 1232 (La.App. 5 Cir.1986). Nor is maximum profit for the applicant a justification. Castle Investors v. Jefferson Parish Council, 472 So.2d 152 (La.App. 5 Cir.), writ denied, 474 So.2d 1311 (La.1986).
Thus, we conclude, that while a variance to construct triplex housing might have resulted in the most profitable use of the applicant’s property, it does not follow that refusal of the Board to grant the variance made their decision arbitrary or unconstitutional.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed. All costs are assessed against plaintiff.
AFFIRMED.