Dear Mayor Marcantel,
This office is in receipt of your opinion request dated October 11, 1995, in which you present the following zoning issues for our review:
 1. Whether or not any property in an "A" residential zone can be rezoned as A-1 through A-6 without being considered spot zoning.
 2. Whether or not rezoning a parcel of property from the status of A-1 (Residential) to A-4 (Multi-Family Residential) constitutes spot zoning when the subject property is bordered by C-2 level property on one side and A-1 property on the other sides.
Steve Gunnell, the city attorney for Jennings, presented the following facts to me over the phone. The property at issue has both a residence and a garage apartment situated on it. Apparently, the garage apartment has not been rented out or used in quite some time and has fallen into disrepair. The owner of the property wishes to refurbish the apartment and rent it out. Unfortunately, doing so would violate the A-1 zoning restrictions placed on the property which only allows for the "renting of one room for the accommodation of not more than two (2) persons providing the room is not equipped with cooking facilities and provided further that no boarding arrangements are made."
The owner of the property has requested that the Jennings Zoning and Planning Commission ("Commission") rezone his parcel of property to the status of "Multi-Family Dwelling" (A-4) which would allow him to rent out the apartment. Through your office, the Commission has requested this opinion to provide guidance in its determination.
"Spot zoning" is the singling out of a small parcel of land for a use classification which is different from that of the surrounding area, usually for the benefit of the owner of that parcel, or for the benefit of the owner of some other property in that area, and to the detriment of other owners. Palermo LandCo., Inc. v. Planning Commission Of CalcasieuParish, 561 So.2d 482 (La. 1990). Similarly, "piecemeal zoning" refers to rezoning which does not involve a substantial portion of the land within a community and which was not undertaken after a careful study by the planning commission or board to implement a broad public policy." Id. at 489.
A city purporting to act under its police powers cannot enact "spot zoning", that is to create in a large area of property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate classification. Castle Investors, Inc. v. Jefferson Parish Council,472 So.2d 152 (La.App. 5th Cir. 1985). However, not all spot zoning is illegal. Sears, Roebuck and Co. v. City of Alexandria, 155 So.2d 776
(La.App. 3rd Cir. 1963); E.J. Lauritsen v. City of New Orleans
(La.App. 4th Cir. 1987).
The first issue concerns whether or not property in controversy can be rezoned within the classification of the "A" residential zones (A-1 through A-6) without being considered spot zoning. Certain circumstances may implicate the reclassification of a parcel of land from one "A" classification to another "A" classification under the Jennings Code for Zoning as spot zoning.
For example, a piece of property might be redesignated from an A-1 Residential District to an A-6 Zone of Transition. A-1 Residential allows for, among other things, single-family dwellings, parks, public schools and churches. In contrast, A-6 Zones of Transition allow for all uses permitted in A-4 districts (multi-family dwellings) as well as offices and personal service shops, such as barbershops. If spot zoning analysis did not to apply to such situations, the zoning system would be subject to abuse.
The enhanced scrutiny given to spot or piecemeal zoning protects landowners with reference to both classifications and subclassifications. The Lauritsen Court delineated the five-part analysis previously laid out by the Sears
Court which is used in determining the validity of a spot zoning ordinance:
 Initial considerations under Sears are whether the proposed "spot" is inherently distinguishable from other property in the district and whether the reclassified or adjoining land is subject to nonconforming use. Other determinations are whether the rezoning bestows a special advantage over adjoining similar property and whether the change was enacted in accordance with the comprehensive zoning plan designed to promote public health, safety and welfare, rather than to benefit a particular property owner. Sears also questions if the ordinance complies with the statutory requirement that reasonable consideration be given to the character of the district, property values, and appropriate land use. Lauritsen at 583.
Your second question requires making factual determinations. It is not our practice to make factual determinations in the process of responding to requests for opinions. This determination should be made by the Commission in the exercise of its sound discretion. The framework provided by Sears andLauritsen should assist the Commission in arriving at a proper conclusion.
We trust this adequately provides you with the legal resources needed. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: 
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General