HANS J. LILJEBERG, Judge.
|2The Parish of Jefferson, through its Board of Zoning Adjustments (“Zoning Board”), appeals the trial court’s judgment reversing its decision to deny a property owner’s request for a zoning variance. For the following reasons, we reverse the trial court’s judgment and reinstate the decision of the Zoning Board.

FACTS AND PROCEDURAL HISTORY

Plaintiffs, Gerald and Carolee Cronley, are the owners of a single-family residence located at 3686 Lake Lynn Drive in Gretna, Louisiana. In April of 2012, the Cronleys received a notice from the Jefferson Parish Department of Inspection and Code Enforcement, informing them that they were in violation of Section 40-661(g)(2)(a) of the Jefferson Parish Code of Ordinances (“JPCO”) for parking their recreational vehicle (“RV”) in front of their home.
The Cronleys applied to the Zoning Board for a variance to allow them to park their RV on the side of their home. Pursuant to Section 40-661(g)(2)(d) of the JPCO, the Cronleys were required to maintain a five-foot side yard setback between the RV and the side property line. However, due to the width of the RV, la only 2.95 feet would remain between the RV and the side property line. Accordingly, the Cronleys requested a variance of 2.05 feet.
In their application to the Zoning Board for a variance, the Cronleys asserted that their son, Joey, has muscular dystrophy and that their RV is equipped to assist him with his daily needs. They further stated that Mr. Cronley sometimes travels for work and that it is difficult for Mrs. Cronley, who has a herniated disc, to assist *66 Joey on her own without the equipment in the RV. Finally, in their application, the Cronleys indicated that Joey uses a machine to assist with his breathing and that he needs the power and equipment provided in the RV when there is a power outage.
During the public hearings and proceedings before the Zoning Board, several of the Cronleys’ neighbors expressed strong opposition to the requested variance, arguing that the RV is an “eyesore,” and that the neighborhood could start to resemble a “trailer park.” At the conclusion of the hearing on January 8, 2013, the Zoning Board denied the Cronleys’ request for a variance.
On January 23, 2013, the Cronleys filed suit in the Twenty-Fourth Judicial District Court against the Parish of Jefferson, through the Board of Zoning Adjustments, seeking reversal of the Zoning Board’s denial of their request for a variance. A hearing was held on May 21, 2013, at which the trial judge allowed additional testimony to be taken to supplement the record. Thereafter, on May 24, 2013, the trial judge rendered a judgment, reversing the decision of the Zoning Board and granting a variance of 2.05 feet to the Cronleys. It is from this judgment that the Zoning Board appeals.

LAW AND DISCUSSION

On appeal, the Zoning Board first argues that the trial court erred by failing to confine its review to the record of the proceedings before the Zoning Board. It asserts that the members of the Zoning Board were well aware of the physical | challenges faced by Joey Cronley and that no further testimony on this issue was needed.
Section 40-796(c) provides as follows:
The court shall render a decision from the record of the board unless, following review of the board’s record, it shall appear to the court that testimony is necessary for the proper disposition of the matter. The court may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. Costs shall not be assessed against the parish unless it shall appear to the court that the actions of the board constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct, pursuant to La. R.S. 9:2798.1. (Emphasis added.)
In their petition, the Cronleys requested that the trial court allow them to present additional testimony that was not provided at the hearing before the Zoning Board. The trial judge granted this request, noting that the record very briefly addressed the disabilities of Joey Cronley, which was the basis for the hardship asserted in the request for the variance. The trial judge indicated that it would allow the testimony of Joey Cronley or one of his parents regarding his disabilities, because “it was obvious there was more to it” than was set forth in the record of the Zoning Board proceedings.
Clearly, it appeared to the trial judge that additional testimony was necessary for the proper resolution of this matter. Considering the record before us, as well as Section 40-796(c) of the JPCO, we cannot say that the trial judge erred or abused his discretion by allowing the Cronleys to present additional testimony in their efforts to prove a hardship sufficient to warrant a variance. Accordingly, *67 this argument by the Zoning Board is without merit.
|fiOn appeal, the Zoning Board further argues that the trial court erred in finding that the decision of the Zoning Board to deny the variance was arbitrary and capricious. It contends that a hardship based on the medical condition of an occupant is not an “undue hardship” under Louisiana law and the JPCO, but rather special conditions or circumstances peculiar to the land, structure, or building must be involved.[1]
The Cronleys respond that the trial court’s judgment reversing the decision of the Zoning Board is not erroneous, noting that there is no statutory or jurisprudential definition of hardship, and that whether a hardship exists must be decided on a case-by-case basis.
A prima facie presumption of validity attaches to zoning board actions. Parish of Jefferson v. Davis, 97-1200, 97-1201, p. 8 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 433, writ denied, 98-2634 (La.12/11/98), 730 So.2d 460. A reviewing court cannot substitute its own judgment or interfere with the zoning board’s decision absent a showing that the board was arbitrary and capricious or abused its discretion. Id.; Freeman v. Kenner Board of Zoning Adjustments, 09-1060, p. 8 (La.App. 5 Cir. 4/27/10), 40 So.3d 207, 212. The person who opposes a zoning board’s decision bears the burden of proving that the decision was arbitrary, capricious, an abuse of discretion, or palpably unreasonable. In re: Pierre, 04-635, p. 5 (La.App. 5 Cir. 12/14/04), 892 So.2d 91, 92; Ostarly v. Zoning Appeals Board, Parish of Jeffer son, 02-55, p. 5 (La.App. 5 Cir. 10/29/02), 830 So.2d 542, 545, writ denied, 02-3112 (La.2/21/03), 837 So.2d 632.
Section 40-793(2) of the JPCO provides in pertinent part:
|fiThe purpose of the “variance” provisions of this section generally permit an applicant to apply for relief from the requirements of the letter of the ordinance when unnecessary hardship or practical difficulty exists, or when there is an exceptional or unusual physical condition of a lot, which condition is not generally prevalent in the neighborhood and which condition would prevent a reasonable or sensible arrangement of building on the lot.
The Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, sets forth the circumstances which must exist before the zoning board may grant a variance, which can be summarized as follows:
1. Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
*68 5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner’s convenience or profit.
Pierce v. Parish of Jefferson, 95-719, pp. 4-5 (La.App. 5 Cir. 1/17/96), 668 So.2d 1153, 1155; Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d 612, 614 (La.App. 5 Cir.1989), writ denied, 544 So.2d 407 (La.1989).
Thus, before a variance may be granted, the Zoning Board must find that all of the first three requirements are present, plus one of the factors in the fourth or fifth paragraphs. Barreca v. Parish of Jefferson, 95-14, pp. 2-8 (La.App. 5 Cir. 4/25/95), 655 So.2d 403, 404; Cerminaro v. Jefferson Parish Zoning Appeals Board, 02-1041, p. 7 (La.App. 5 Cir. 2/11/03), 838 So.2d 193, 196. It is the 17burden of the person seeking the variance to establish that the appropriate requirements are met. Prescott v. Parish of Jefferson, 96-1058, p. 4 (La.App.4/9/97), 694 So.2d 468, 471. In the present case, the Zoning Board did not find that all of the necessary requirements were met.
A hardship that justifies the granting of a variance must stem from the application of the ordinance to the property in question and not from the actions of the applicant which amount to a self-induced hardship. Merrihue v. St. Charles Parish Planning & Zoning Dept., 496 So.2d 1232, 1235 (La.App. 5 Cir.1986), writ denied, 497 So.2d 1019 (La.1986). See also Freeman v. Kenner Board of Zoning Adjustments, supra at 212; and Gardner v. City of Harahan, 504 So.2d 1107, 1110 (La.App. 5 Cir.1987). No general rule can be formulated as to what constitutes a hardship or “practical difficulty” sufficient to authorize the grant of a variance. Merrihue, supra at 1234. Each zoning case must be decided on the facts particular to it, and all relevant factors must be considered. Id.
In the instant case, the testimony revealed that Joey Cronley suffers from muscular dystrophy and osteoporosis, is confined to an electric wheel chair, can no longer move his limbs on his own, and requires a machine to assist him with breathing. He also requires assistance to perform daily human functions, such as showering and going to the bathroom. Due to his osteoporosis, Joey is moved in a hoist or sling attached to a track on the ceiling to avoid breaking his bones. Although some renovations were made to the Cronleys’ home to assist with Joey’s care, the equipment in the house requires assistance and getting Joey to the bathroom can be difficult. Mrs. Cronley has a herniated disc which makes it difficult to assist with Joey’s care in the house. At the hearing before the Zoning Board, Mrs. Cronley testified that it is easier for her to have the motor home to assist with Joey’s daily care, because everything is “self-contained.”
Is At the hearing before the trial court, Gerald Cronley testified that he purchased the RV 16 to 18 months earlier, and he installed a platform wheelchair lift and other equipment to assist with Joey’s care. He identified pictures of the RV equipment, explained the hoist and track system in the RV, and testified that it is easy to push Joey to the bathroom in the RV. Mr. Cronley stated that there are three and a half bathrooms in the house, but only one of them has been modified by the State for Joey to use. He stated that all of the bathrooms could be modified for Joey to use “eventually.” Mr. Cronley testified that he uses the RV to travel for work, and that he is gone “close to 20 days” in a month. He also stated that the RV is *69 Joey’s only means of transportation and that it is equipped with generators, which are necessary during a power outage. Mr. Cronley believes that Joey needs the RV, and he noted that Joey has outlived his life-expectancy.
When questioned about the circumstances pertaining to the property, Mr. Cronley testified that he did not believe that the configuration of his lot was any different from those located to the right and left of his house. He further agreed that there was not “anything unique about [his] lot as opposed to other houses located.... within 10 or 12 homes on either side.”
In opposition to the Cronleys’ request for a zoning variance, neighbors expressed concern that such a variance would create a precedent and result in the neighborhood being turned into a “trailer park.” At the hearing before the Zoning Board, Susan Ferrara, who is the president of the Property Owner’s Association for Stonebridge Subdivision, stated that the Association is opposed to the variance, as it would violate their covenants and by-laws. She stated that other residents in the subdivision who own RVs store them off-site and only bring them back to their residences when they want “to take them out.” Another neighbor, Mr. Emmett, stated that he owns an RV and that he and other RV owners store them off-site in border to keep the subdivision looking attractive. He opined that the Cronleys’ RV is an “eyesore,” that it “detracts from the entire street,” and that it would “take our property values down over the long run.”
Considering all of the facts and circumstances presented in the record before us, it is clear that all of the requirements for the issuance of a variance have not been met. The record of the proceedings before the Zoning Board and the trial court do not support a finding that the variance will positively affect neighborhood prosperity and welfare. Further, while the Cronleys certainly have shown a hardship due to Joey’s medical condition, they have not shown that circumstances special to the property create the hardship.
The members of the Zoning Board unanimously denied the Cronleys’ request for a variance, noting that expense is not a hardship, there was strong opposition from the Property Owners’ Association, it would not increase property values or adjoining property values would be depreciated, and the variance would not tend to preserve and advance the prosperity and general welfare of the neighborhood. As stated above, the person opposing a zoning board’s decision bears the burden of proving that the decision was arbitrary, capricious, or palpably unreasonable.
While we certainly sympathize with the Cronleys and understand that keeping the RV off-site will make caring for Joey more difficult, we are compelled to follow the law as it stands and apply it in this case. Based on the evidence in this matter, as well as the applicable law, we cannot say that the Zoning Board’s decision to deny the Cronleys’ request for a variance was arbitrary, capricious, or unreasonable. Accordingly, we find that the trial court erred by reversing the Zoning Board’s decision, and we reinstate the Zoning Board’s decision to deny the variance.

\WDECREE

For the foregoing reasons, we reverse the trial court’s judgment granting the variance of 2.05 feet to the Cronleys, and we reinstate the decision of the Zoning Board to deny the variance.

REVERSED.

. The Zoning Board also claims that the trial judge erred by finding that a precedent had been established by the presence of other violations in the neighborhood. Although the trial judge noted in his reasons for judgment that the Cronleys submitted photographs of other homes in the neighborhood that had RV’s in their driveways, the trial judge did not make a finding that a precedent had been established by other violations in the neighborhood. Accordingly, this argument has no merit.