357 So.2d 1354 (1978)
Julian ROY
v.
Edward C. KURTZ, Director, Department of Safety and Permits for the City of New Orleans, et al.
No. 8930.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
Writ Refused June 30, 1978.
*1355 Martin A. Welp, New Orleans, for Julian Roy, plaintiff-appellant.
Thomas P. Anzelmo, Jack P. Panno, Asst. City Attys., Philip S. Brooks, City Atty., for Edward C. Kurtz et al., defendants-appellees.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
BOUTALL, Judge.
This appeal involves two issues: The validity of an order of the Board of Zoning Adjustments for the City of New Orleans granting a variance, and the timeliness of a building permit issued in connection therewith.
The record shows that pursuant to an application by John J. Grisaffi for a variance from the requirements of The Comprehensive Zoning Ordinance of the City of New Orleans, The Board of Zoning Adjustments held a public hearing at which a number of neighboring owners appeared in opposition, and granted a variance permitting construction of an enclosure of a roof deck and erection of a fence 6 inches in excess of the required height on Grisaffi's property, a nonconforming commercial building in use in an RD-2 Two Family Residential District. The order was rendered April 9, 1976 and promulgated on April 23, 1976 by written notice of the Board. One of the opponents, a neighboring property owner, Julian Roy, timely sought review by the Civil District Court, and that suit lay dormant for some time. Nearly a year after the date of the variance order, on April 6, 1977, Grisaffi filed an application for a building permit, together with detailed plans and specifications for the proposed construction. The application was examined by the appropriate city agencies and was approved on April 14. In accordance with usual procedure, the permit was issued dated as of the date of application April 6. The opponent then supplemented his petition for review to include injunctive relief against the issuance of the building permit and the construction proposed thereunder. After hearing on the merits, the court rendered judgment approving the order of the Board of Zoning Adjustments and holding the building permit legally issued. Opponent Roy appealed.
In our consideration of the validity of the variance order, we refer to the case of State ex rel. Phillips against Board of Zoning Adjustments for the City of New Orleans, 197 So.2d 916 (La.App. 4th Cir. 1967) wherein we stated the following general rule, page 918:
"[1, 2] We are in agreement with the first contention to the extent that there is a prima facie presumption of validity which attaches to the acts of a duly constituted administrative board, such as the Board of Zoning Adjustments in the instant case, and accordingly, on appeal, or on writ as here, from such an act the burden is on the appellant or relator to *1356 affirmatively show the board abused its discretion or its decision was in excess of its jurisdiction or otherwise erroneous as a matter of law." Citations omitted.
Applying that principle to this case, we note that the evidence is rather sketchy, but that the Assistant State Fire Marshal had issued on January 2, 1976 an order of correction directed to the premises to provide additional means of egress from second floor to ground level, and had by letter to the chairman of the board informing the board that the State Fire Marshal's office was directing the owner to completely enclose the roof deck for the safety of the students or occupants of the building in the event of panic or fire. By letter of April 7, 1976, the State Fire Marshal himself explained that it was not a mandatory requirement of his office that a complete enclosure was necessary but that it was a mandatory requirement that some protective barrier be erected and that he considered the complete enclosure to be strongly recommended. Based mainly upon this and considering other evidence, the Board determined that it should grant the variance, and we conclude that the Board had sufficient evidence before it to support the grant of variance.
On the issue of the validity of the building permit, we note the requirements expressed in Ordinance # 4264, M.C.S. Article 15 § 2.3(6) entitled: "Authorization of Variance.", which provides in pertinent part:
* * * No order of the Board authorizing a Variance shall be valid for a period longer than one (1) year from the date of such order unless substantial construction or change of use has commenced in accordance with the plans for which such Variance was authorized, or if the Board does not specify a longer period than one (1) year for good cause shown."
We do not discern any ambiguity in the ordinance, and we read it to mean simply what it says. The only action taken by the applicant was the filing of his request for building permit along with plans and specifications within the one year period. The question is simply, does that constitute substantial construction?
On this issue the only evidence is that given by Frank E. Robin, Chief Building Inspector and Administrator of the Office of Permits. He testified that the plans and specifications normally constitute about 10% of the cost of the total job, and that his department considers that this is substantial construction in accordance with the requirements of the Ordinance. He explained the procedures in accordance with the granting of permits and stated that in the 23 years of experience that he had in this position, that these conclusions and practices had been adhered to and proven satisfactory. We point out that there is no countervailing evidence to show that the plans in this case did not conform to the general rule and there is no other evidence we can refer to in order to compare the standard used by the department in determining substantial construction with any other standard of substantial construction. Without such evidence we do not feel compelled to overturn this long standing interpretation and procedure adopted by the agency. Accordingly, we hold the building permit to be validly issued.
The judgment appealed is affirmed.
AFFIRMED.